178 So. 891

**SOVEREIGN CAMP, W. O. W., v. JONES.**

4 Div. 994.

Supreme Court of Alabama.

Jan. 20, 1938.

Rehearing Denied Feb. 24, 1938.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellant.

L. A. Farmer, O. S. Lewis, and E. S. Thigpen, all of Dothan, for appellee.

KNIGHT, Justice.

This is a second appeal in this cause. Jones v. Sovereign Camp, W. O. W., 233 Ala. 216, 171 So. 359.

When the cause was first tried in the circuit court of Houston county, the parties entered into a written stipulation of facts, and agreed that the cause should be tried thereon. We quote the agreement in this last respect: "It is agreed between the parties to the cause that this cause shall be tried upon the following statement of facts," then immediately follows a statement of the facts as agreed upon by the parties. This agreed statement of facts is signed by the attorneys for the respective parties.

Upon the first trial the parties read in evidence the agreed statement of facts, and the court gave the general affirmative charge for the defendant, which resulted in verdict and judgment for the defendant.

From this judgment the plaintiff prosecuted an appeal to this court, and on that appeal we held that the question as to the insured's suspension was one for the jury, and that the trial court committed error in giving for defendant the affirmative charge.

On remandment of the case to the circuit court of Houston county, the cause was again called for trial, and, upon the trial that ensued, the plaintiff read in evidence the agreed statement of facts theretofore entered into and rested. Thereupon the defendant offered the deposition of one Yates, the secretary of the defendant corporation. The plaintiff objected to the reading of the deposition in evidence, and the court sustained plaintiff's said objection, and refused to permit the defendant to read the deposition to the jury. To this ruling of the court the defendant duly reserved an exception.

The cause was then tried upon the same evidence and pleading as upon the former trial, and resulted in verdict and judgment for plaintiff. From this judgment the defendant prosecutes this appeal.

In the report of this case on former appeal may be found a full statement of the material facts, and the rules of law applicable to the case. No good purpose can be served by a restatement here of the facts. The law of the case was correctly stated and applied on the former appeal. We adhere thereto.

But it is insisted that the court committed error in not permitting the defendant to read in evidence the deposition of Yates, the secretary of the association. There is no merit in this insistence.

The agreement does not refer to any particular trial, nor at any particular term of the court, but is broad enough to cover all trials of the cause. The very language of the agreement, "It is agreed between the parties to the cause that this cause shall be tried upon the following statement of facts," negatives any idea that the agreement should apply to any particular trial, or at any particular term. It would appear that the agreed stipulation of facts was made "deliberately and intelligently," and, having been so made, the parties will not be permitted to retract the admissions so made on any subsequent trial of the cause. Prestwood v. Watson, 111 Ala. 604, 20 So. 600; Ex parte Hayes, 92 Ala. 120, 9 So. 156; Chapman v. York, 212 Ala. 540, 103 So. 567.

If it could be shown to the trial court that the agreement was made improvidently, and by mistake, and the improvidence and mistake be clearly shown, the court has a discretion to relieve from these consequences; "a discretion which should be exercised sparingly and cautiously." 1 Greenleaf on Evidence, § 206; Harvey v. Thorpe, 28 Ala. 250, 65 Am.Dec. 344.

In the case of Ex parte Hayes, supra, it was observed: "It seems that the agreement of the attorneys in a cause, made in pursuance of the terms of this statute [then section 866, Code 1886, now section 6253, Code 1923], is as binding upon the parties as would be a contract entered into by themselves. Norman v. Burns, 67 Ala. 248; Charles v. Miller, 36 Ala. 141. If agreements so made have such effect, then they may not be set aside upon any lower grounds than would warrant a rescission of a contract,—namely, fraud, collusion, accident, surprise, or some ground of the same nature. Bingham v. Supervisors, 6 Minn. 136 (Gil. 82); Keogh v. Main, 52 N.Y.Super.Ct. 160; Wilson v. Spring, 64 Ill. 14–18; Harvey v.

Thorpe, 28 Ala. 250 [65 Am.Dec. 344]; Saltmarsh v. Bower, 34 Ala. 613; 1 Thomp. Trials, § 194."

Manifestly, the purpose in offering the deposition of Yates was to relieve against all admission contained in the stipulation of facts. In short, to contradict the same, or to relieve against an inference that the jury could well draw from the facts admitted. As pointed out above, this cause was heretofore considered by this court on the agreed statement of facts, and we pointed out that the jury might reasonably infer that the secretary of the Sovereign Camp (Yates), who had full authority in the premises, was informed and understood from the returns and reports of the secretary of the local camp that insured was habitually paying his assessment for one month after the first day of the month following, and that the local secretary was receiving and receipting therefor each month. It was to avoid such an inference that defendant offered the evidence of said Yates.

Yates in his deposition testified to facts which would tend to rebut certain inferences, but his testimony was inadmissible for the reason that no showing was made to the court which would justify relieving the defendant from its written agreement. The court will not relieve the parties from the binding effect of such agreement simply to meet the exigencies of the case, as they thereafter develop, without proper showing and proof.

As for anything appearing in the record, we are fully persuaded the court ruled correctly in declining to allow the defendant to read in evidence the deposition of said Yates.

We have carefully considered the entire record, and we are of the opinion that the rules of law announced on the former appeal, when the facts, and pleading, were the same as here, were sound, and we reaffirm the same. We are further of the opinion that the case as now presented, as well as on former appeal, required its submission to the jury.

The defendant was not entitled to have the jury instructed in the terms of any of its refused charges.

Finding no error in the record, the judgment of the court a quo must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.