# NOVEMBER 18, 1942

### FRANCISCO BOTELLO V. THE STATE.

No. 22296. Delivered November 18, 1942.

The opinion states the case.

*Horace C. Hall, Jr., Francisco J. Flores,* and *Bismark Pope,* all of Laredo, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the State penitentiary for a period of forty years.

There are no bills of exception in the record or any objections to the court's charge. Consequently the only question to be considered by this court is the sufficiency of the evidence to sustain the conviction.

Appellant vigorously asserts that the evidence is insufficient in the following respects: (a) Because the injured female denied any act of sexual intercourse with appellant; (b) because the injured female was over fifteen years of age at the time of the alleged act and was not a chaste and virtuous girl; (c) because the evidence is insufficient to show the use of that degree of force necessary to overcome all resistance of a female over the age of fifteen years who is not a virgin; and (d) because the conviction of an accused cannot be sustained on his extrajudicial confession alone.

By reason of the foregoing contentions we have carefully reviewed the record from which it appears that when appellant was arrested he made a written confession to the officers after he was duly warned as required by law. In this confession, which was introduced in evidence, he stated that Eufemia Botello was his daughter; that she was fifteen years of age; that when Eufemia became a young lady last year he "began to want to use her"; that at the beginning she would not let

him, but in September he was able to force her and had sexual intercourse with her; that up to the time of the making of the confession they had six acts of sexual intercourse. On his trial appellant took the witness stand and, on direct examination by his counsel, repudiated the confession and testified that the statements made therein were not true; that at the time of making the confession he was sick, his head hurt and he was afraid. However, on cross-examination by the State's Attorney he testified that the statement in the confession to the effect that he did have carnal knowledge of his daughter in September was true. The State did not rely upon his extrajudicial confession alone but upon the judicial confession made in open court during the trial of his case.

Appellant further contends that even if it be conceded that he had sexual intercourse with his daughter, yet his conviction cannot be sustained for the reason that the evidence fails to show that he used that degree of force necessary to overcome all resistance on her part, since she was approximately seven months past fifteen years of age and was of previous unchastity. For a proper solution of the question we have examined the record rather carefully and find that she testified  that she was fifteen years of age on the 12th day of February, 1941, prior to the commission of the offense in September; that her father (the appellant) did not have sexual intercourse with her notwithstanding the fact that she had so stated to Flores and Lopez; that prior to September, 1941, she did have sexual intercouse with one, Leocardio Rodriguez; that he was the only man with whom she ever had such relations. If this testimony stood uncontradicted, it would show that she was not a chaste girl at the time of the alleged offense, but Rodriguez took the witness stand and testified that at no time did he have an act of sexual intercourse with Eufemia Botello, although he went to the home of Botello every day during the months of August and September, 1941. It will be noted that Rodriguez contradicted. Eufemia's testimony. Hence it became an issue of fact for the jury to determine whether Rodriguez had sexual relations with the alleged injured female prior to the commission of the alleged offense by her father, which the jury no doubt decided adversely to appellant's contention.

In his motion for new trial appellant raises a number of questions relative to the admissibility of certain testimony, as well as to the procedure pursued by the District Attorney in

the beginning of the development of the State's case. Had appellant objected to the procedure or the evidence at the time and brought the matter before this court by proper bills of exception, then we would be authorized to consider the same; but in the absence of any bills of exception showing that he objected thereto, the same cannot be considered by this court.

In an able and well-prepared brief appellant cites us to a number of authorities which he claims sustains his contention. However, an examination of the authorities reveal the fact that the evidence was admitted over appellant's objection, but such is not the case here.

From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.