Emilio FRANCO, Appellant,

v.

The STATE of Texas, Appellee.

No. 54410.

Court of Criminal Appeals of Texas.

June 8, 1977.

OPINION

ROBERTS, Judge.

This is an appeal from a revocation of probation. The trial court entered written findings that appellant violated three conditions of his probation and imposed the original punishment of five years' confinement in the Texas Department of Corrections.

The trial court's written findings reflect that appellant (a) committed a burglary, (b) associated with a person of disreputable or harmful character and (c) failed to pay the court costs of his original trial.

■ Appellant challenges the sufficiency of the evidence on all three findings. His central contention is that an instrument entitled "Stipulation of Evidence," which he and his attorney signed, should not have been admitted into evidence. In this instrument appellant admits to all three violations of the conditions of his probation.

■ If appellant is correct, the judgment must be reversed because other evidence in the record is insufficient to show that he committed the burglary,[1] that his failure to pay the court costs was willful or intentional,[2] or that he violated a condition of his probation by association with a person of disreputable or harmful character.[3]

Although the record is poorly developed, this is apparently what happened: As the result of plea negotiations, appellant had originally intended to enter, at a prior time, a plea of "true" to the State's motion to revoke. At this time he signed a boiler plate "Stipulation of Evidence." By this

Brinkley L. Oxford, Edinburg, for appellant.

Oscar R. McInnis, Dist. Atty., and Tom Beery, Asst. Dist. Atty., Edinburg, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

1. The only other evidence in the record concerning the burglary was the testimony of the owner of the burglarized house and he merely stated that his home was burglarized and that certain property was taken.

2. Appellant was required to pay $49.50 in court costs the first month after his discharge from the Alternative House in Houston, Texas. The only evidence in the record of appellant's financial gain from the time of his discharge on February 3, 1976 until the time the State filed its motion to revoke on August 11, 1976, was that he had made approximately $100 in a tomato harvest. This is insufficient to show that appellant had the ability to pay the court costs and that his failure to do so was willful or intentional. *Fletcher v. State,* Tex.Cr.App., 547 S.W.2d 634 (delivered March 9, 1977).

3. Although the trial court's written findings hold that appellant violated the condition of his probation by associating with a person of disreputable character, the trial court orally ruled from the bench that the evidence was insufficient on this allegation: "I am not going to hold him on Section B. It's not sufficient on Section B . . . ." We agree with the trial court.

instrument, appellant stipulated that the facts in the State's motion to revoke were true and correct and constituted the evidence in the case. The appellant's attorney also signed the instrument and it was sworn to before the district clerk. However, when the actual hearing began before Judge Evins, the appellant entered a plea of untrue to all the allegations in the State's motion to revoke. Judge Evins questioned the appellant and determined that appellant was not going to enter a valid plea of true. Consequently, Judge Evins refused to sign the stipulation of evidence, recessed the case and said he would leave it up to Judge Smith (the original trial court).

■ At the hearing before the original trial court, the appellant persisted in pleading untrue and strenuously objected to the admission of the stipulation of evidence. The prosecutor admitted that plea negotiations had taken place and that at the prior hearing before Judge Evins the appellant had denied violating any of the three conditions of his probation. Nevertheless, the prosecutor urged that by virtue of the boiler plate language the stipulation was a "judicial confession." The trial court found that the instrument was not a judicial confession because "there wasn't any confession in open Court." We agree. *Fancher v. State,* 167 Tex.Cr.R. 269, 319 S.W.2d 707, 708 (1958); *Botello v. State,* 145 Tex.Cr.R. 50, 165 S.W.2d 903, 904 (1942).

"Judicial confessions are those which are made before the magistrate, or court, in the due course of legal proceedings." *Speer v. State,* 4 Tex.App. 474, 479 (1878), *quoting* 1 Greenl. on Ev., Section 216, 6th edition.

Nonetheless, the trial court admitted the stipulation of evidence into evidence because "this is sworn to before the District Clerk. That makes it an entirely different instrument."

Apparently, plea negotiations had fallen through. The record affirmatively reflects that appellant did not want to plead "true" but wished to plead "untrue" and put the State to its burden of proof by a preponderance of the evidence. *See, Roberson v. State,* Tex.Cr.App., 549 S.W.2d 749 (delivered April 27, 1977). Appellant persisted in pleading untrue before Judge Evins, which is why Judge Evins did not sign the stipulation of evidence. Appellant persisted in pleading untrue in front of Judge Smith, which was in complete contradiction to the alleged voluntary "Stipulation of Evidence."

■ Setting aside a stipulation ordinarily is within the discretion of the trial court. *Thompson v. Graham,* 318 S.W.2d 102, 105 (Tex.Civ.App.-Eastland 1958, writ ref'd, n.r. e.). However, we are of the opinion that the trial court abused its discretion in revoking appellant's probation upon the record before us. From appellant's persistence in pleading untrue, we can only conclude that appellant signed the stipulation of evidence involuntarily or under a mistake of fact as to the nature of the negotiated plea-agreement.

The judgment of the trial court is reversed and the cause is remanded.