Timothy Lewis HUSEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–98–0232–CR.

Court of Appeals of Texas,
Amarillo.

Nov. 3, 1999.

Discretionary Review Refused
May 3, 2000.

Eric Willard, Plainview, for appellant.

Terry McEachern, Dist. Atty., Robert W. Kinkaid, Jr., Asst. Dist. Atty., Plainview, for appellee.

Before QUINN and REAVIS and JOHNSON, JJ.

DON H. REAVIS, Justice.

Appellant Timothy Lewis Huseman pled guilty [1] to aggravated assault with a deadly weapon and the jury assessed punishment at 15 years incarceration and a $10,000 fine. Appellant now appeals his conviction presenting seven points of error. Appellant contends the trial court erred in: 1) refusing to allow him to withdraw a guilty plea, waiver of jury trial, and stipulation of evidence, 2) failing to read the indictment in open court and not permitting appellant to enter a plea, 3) denying appellant's motion for change of venue and mistrial due to excessive publicity, 4) not quashing the jury panel due to the inclusion of a check-off on the jury questionnaires for contributing jury service fee to the Crisis Center, 5) denying challenges for cause to three jurors, 6) admitting into evidence the post-operative photographs, appellant's oral statement, and prior incidents of domestic violence, and 7) excluding evidence of the victim's past behavior.[2] Based upon our review of appellant's first two points which

---

1. Guilty plea entered before the grant of a mistrial.

2. The State acknowledges that whether a defendant can waive his right to a trial by jury regarding the guilt/innocence phase of a trial, submitting such issue to the trial court, and then have a jury determine the issue of punishment may be a case of first impression in Texas.

we consider together, the judgment of the trial court must be reversed and the cause remanded for a new trial.

Except for noting that appellant was convicted of aggravated assault with a deadly weapon upon his former wife, a detailed historical statement of the facts is not necessary to our disposition. The jury was qualified, selected, and seated on May 5, 1998,[3] for trial on appellant's plea of not guilty. Then, on May 6, before the jury was seated and the State proceeded, appellant announced his desire to withdraw his plea of not guilty, and that he desired to proceed upon a plea of guilty with his election for the jury to set punishment. After appropriate admonishment by the court, appellant signed a stipulation of evidence. When the jury was seated and the indictment read, appellant pled guilty. Rudina Heard Huseman, the victim, was called to testify the morning of May 7 and was on the witness stand when the trial court announced that it was time to take the noon recess. However, as she was stepping down from the witness stand, she asked one of the jurors what was written on her juror's badge.[4] Following the granting of a mistrial, the case was set to commence on May 19. However, this setting was vacated due to the death of the victim's mother, and the case was again reset for trial on June 16.

On June 16, counsel appeared and before the jury arrived, the court considered numerous pre-trial matters. The pre-trial conference concluded with counsel for appellant presenting a written motion to withdraw his guilty plea, and recant his judicial stipulation and waiver of jury trial. During argument out of the jury's presence, among other things, appellant's counsel urged that appellant should be "re-stored to his original position" prior to the mistrial and the guilty plea. Before ruling on appellant's motion, the trial court granted a recess to allow State's counsel to research the question. After the recess, upon noting that the trial court considered the effectiveness of the guilty plea, waiver of a jury trial, and adjudication of guilt on May 6, notwithstanding the prior mistrial,[5] the trial court denied appellant's motion because it was untimely presented, and proceeded to trial without any plea being made before the jury was seated. The trial court did, however, note appellant's objection and gave him a continuing objection. Following presentation of the evidence and the trial court's instructions and charge, the jury returned its verdict finding appellant guilty as instructed and set his punishment.

By his first point of error, appellant contends the trial court was required to permit him to withdraw his guilty plea. By his second point, he contends the trial court erred because it failed to accept his plea of not guilty. By his argument, appellant reasons that in effect, the granting of a mistrial restored the status of the prosecution to the same position as it was before the commencement of the trial on May 6. We agree and will discuss these points together. In our analysis, we are required to determine (1) whether the trial court had the authority to grant a mistrial as to the punishment phase only, (2) the legal effect of granting the mistrial, and (3) whether the conviction is null and void because appellant was not allowed to enter a plea during the June proceeding.

■ We first consider whether the trial court had authority to grant a mistrial limited to the punishment phase only. In

---

3. All dates referred to are in the year 1998.

4. Although the remark may appear to be innocent and not intended to result in bias, because the permanency of the victim's eyesight impairment as a result of the attack was a significant question, the trial court granted a mistrial.

5. We note that the judgment, signed June 25, recites that appellant, on May 6, entered a plea of guilty, stipulated to the evidence and waived his right to a trial by jury regarding his guilt/innocence. Also the judgment recites that on May 6, the court found appellant guilty of the offense.

State v. Bates, 889 S.W.2d 306, 310 (Tex. Cr.App.1994), the Court affirmed a decision by the Eastland Court of Appeals holding that a trial court does not have authority to grant a *new trial* as to the punishment stage only, because of the specific language in article 44.29 of the Texas Code of Criminal Procedure Annotated (Vernon Supp.1999). *See also* State v. Hight, 907 S.W.2d 845, 846 (Tex.Cr.App. 1995), following *Bates* and holding that only appellate courts have the authority to grant a *new trial* on the basis of an error or errors made in the punishment stage of trial. Because a mistrial occurs before the completion of a trial and a new trial follows a completed trial, the terms are not synonymous; however, for these purposes there is no significant distinction, Tex.R.App. P. 21.1, and the two are functionally equivalent. Durst v. State, 900 S.W.2d 134, 138–39 (Tex.App.—Beaumont 1995, pet. ref'd). Even though article 44.29 does not mention a "mistrial," because (i) the Legislature has expressed its policy regarding new trials, (ii) the legal effect of a mistrial is a "nugatory proceeding," as discussed below, (iii) a mistrial and a new trial are functionally equivalent, and (iv) in the interest of judicial consistency and uniformity, we hold the trial court did not have the authority to grant a mistrial limited to the punishment phase only.

■ Next, we consider the legal effect of the grant of a mistrial. In Bullard v. State, 168 Tex.Crim. 627, 331 S.W.2d 222, 223 (1960), the Court held that after a mistrial, the case stands as it did before the mistrial. Later, in Rodriguez v. State, 852 S.W.2d 516, 520 (Tex.Cr.App.1993), the Court held that "a declaration of mistrial renders a pending trial a 'nugatory' proceeding...." These cases demonstrate that when a mistrial is declared, the proceedings before the granting of the mistrial become legally ineffective upon a mistrial being declared. Therefore, appellant's plea of guilty on May 6, before the mistrial was granted, was rendered void by the declaration of mistrial on May 7.

■ When the trial court empaneled the jury to hear the punishment phase on June 17, following the grant of a mistrial on May 7, the case proceeded without appellant entering a plea. Instead, the trial court denied appellant's request to withdraw his prior plea and his argument that he should be restored his former status, and the trial court proceeded based on appellant's original plea of guilty entered before the mistrial was granted.[6] Because appellant's plea of guilty on May 6 was void, the case proceeded to trial at the punishment stage without appellant entering any plea. However, a plea is essential in every criminal case and where none is entered, the trial is a nullity. Willis v. State, 389 S.W.2d 464 (Tex.Cr.App.1965). Moreover, triable issues are not joined until the indictment is read and a plea is entered. Peltier v. State, 626 S.W.2d 30, 31 (Tex.Cr.App.1981). In Warren v. State, 693 S.W.2d 414, 415 (Tex.Cr.App.1985) citing article 36.01 of the Texas Code of Criminal Procedure, the Court held that without the reading of the indictment and the entering of a plea, no issue is joined and this procedure is also mandatory at the penalty stage of a bifurcated trial. Points of error one and two are sustained which pretermits our consideration of the remaining points of error. Tex.R.App. P. 47.1.

Accordingly, we reverse the judgment of the trial court and remand the cause for further proceedings.

---

**6.** The judgment does recite that appellant pled guilty on May 6.