**Oscar CARRASCO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–02–00364–CR.**

Court of Appeals of Texas,
El Paso.

Nov. 20, 2003.

Rehearing Overruled Dec. 23, 2003.

Mike Barclay, Alpine, for Appellant.

Frank D. Brown, District Attorney, Fort Stockton, for The State.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

SUSAN LARSEN, Justice.

A jury convicted Oscar Carrasco of first-degree murder and sentenced him to forty-seven years in prison. In his sole issue on appeal, Carrasco argues that the trial court erred by allowing into evidence a stipulation in which Carrasco admitted causing the victim's death. We affirm.

**Factual and Procedural Background**

Carrasco has been tried twice for this offense. In both trials, Carrasco raised the defense of insanity. Before the first trial, he stipulated in writing to the admissibility of certain exhibits and further stipulated that he "caused the death of Ivonne Juarez Duran [the victim], by stabbing her in the chest, with a deadly weapon, to wit, a knife." The stipulation was signed by Carrasco, his attorney, the prosecutor, and the trial judge. Thereafter, Carrasco pleaded not guilty and was tried before a jury. Because the jury was unable to reach a verdict, the trial court declared a mistrial.[1]

During the second trial, the State moved to admit the stipulation into evidence. Defense counsel objected. He claimed that the parties entered into the stipulation because some of the State's witnesses were

---

1. We do not have a reporter's record from this trial, and the clerk's record does not contain a written declaration of mistrial, but the parties agree that the trial resulted in a hung jury and that the judge declared a mistrial.

unavailable for the first trial and because the parties wanted to streamline the trial and get the case to the jury as quickly as possible. Counsel also noted that several of the items included in the stipulation had already been admitted into evidence. He concluded:

> And therefore, we think that it's going to just basically be a duplicate of what he has already introduced. It's going to be used as bolstering some of the other witnesses' testimony. And for the reason that we believe that we had a contractual agreement in nature in the prior stipulation as to the admissibility of some of the evidence, both by the State and the Defense, we don't feel we should be bound by that stipulation at this trial; for the record, Your Honor.

The State responded:

> Well, Your Honor, I don't know that the characterization of the fact that we entered into a stipulation just to save the State time in the first trial—I think it went both ways. It was also to save the Defense time with a lot of documents that the Defense wanted to introduce. And, you know, I am not objecting or plan to object to anything he has to offer this go around.
>
> Basically, I put a little more mortar between my bricks, but the case is pretty much the same. And other than that, I don't really have anything to add. I think it meets the hearsay exception.

The court then stated, "[T]his sti[p]ulation was made before any trial was had and it was made for trial purposes. The stipulation doesn't say it was made for a trial on a particular date, and it was not withdrawn. It's a live stipulation, and I am going to overrule your objection." [2]

## Arguments on Appeal

On appeal, Carrasco argues that the declaration of mistrial rendered the stipulation legally ineffective and that the trial court therefore erred by admitting it over his objection. The State counters that the stipulation was admissible as an admission by a party opponent. *See* Tex.R. Evid. 801(e)(2).

## Standard of Review

In reviewing a trial court's ruling on the admissibility of evidence, we must determine whether the court abused its discretion. *Willover v. State*, 70 S.W.3d 841, 845 (Tex.Crim.App.2002). This means that we must uphold the ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Id.* Furthermore, we must consider the trial court's ruling in light of what was before the trial court when the ruling was made. *Id.*

## Effect of Mistrial

The Texas Court of Criminal Appeals has stated that a declaration of mistrial renders a pending trial a nugatory proceeding and that after a mistrial, the case stands as it did before the mistrial. *Rodriguez v. State*, 852 S.W.2d 516, 520 (Tex.

---

**2.** The State did not rely solely on the stipulation to make its case. The State presented evidence that the victim was Carrasco's wife or girlfriend, she died from a stab wound to the chest, and her body was discovered by officials who were trying to extinguish a fire at her home. Officials also found a can of lighter fluid on the kitchen counter and a knife in a sink full of water and dirty dishes. The State presented evidence suggesting that Carrasco stole a truck on the evening of the murder. A boot was left at the location from which the truck was stolen. Officials took a DNA sample from blood on the boot and determined that the DNA profile from the boot was consistent with a mixture of blood from Carrasco and the victim. Officials finally located Carrasco on foot in the desert, about seven or eight miles from where the murder occurred.

Crim.App.1993); *Bullard v. State,* 168 Tex. Crim. 627, 629, 331 S.W.2d 222, 223 (1960); *cf.* TEX.R.APP. P. 21.9 ("Granting a motion for new trial restores the case to its position before the former trial, including, at any party's option, arraignment or pretrial proceedings initiated by that party."). The Amarillo Court of Appeals considered the effect of a mistrial in *Huseman v. State,* 17 S.W.3d 704 (Tex.App.-Amarillo 1999, pet. ref'd).

In *Huseman,* the defendant indicated that he wanted to plead guilty and have a jury decide his punishment. After being admonished by the trial court, the defendant signed a stipulation of evidence and pleaded guilty before the jury. The court subsequently declared a mistrial because of a comment made by a witness. Before the case was tried again, the defendant moved to withdraw his guilty plea and recant his stipulation. The trial court denied the motion and commenced the trial without a new plea from the defendant. The jury found the defendant guilty and sentenced him to fifteen years in prison. *Huseman,* 17 S.W.3d at 705.

Citing *Bullard* and *Rodriguez,* the Amarillo Court held that "when a mistrial is declared, the proceedings before the granting of the mistrial become legally ineffective...." *Id.* at 706. Therefore, the defendant's guilty plea was rendered void by the declaration of mistrial. *Id.* Because a plea by the defendant is essential in every criminal trial, the trial court erred by refusing to allow the defendant to enter a new plea after the declaration of mistrial. *Id.*

Although Carrasco suggests that this case is similar to *Huseman,* we believe *Huseman* is distinguishable. In *Huseman,* the stipulation was part and parcel of the guilty plea entered in the first trial. Carrasco's stipulation was entered into before the first trial, and Carrasco pleaded not guilty at that trial. At the commencement of the second trial, Carrasco again pleaded not guilty. Thus, unlike in *Huseman,* this case did not proceed to trial without a plea by Carrasco. This is an important distinction, because the critical mistake made by the trial court in *Huseman* was to preclude the defendant from entering a new plea after the declaration of mistrial.

The issue we must resolve in this case is whether a stipulation that is not part of a guilty plea remains binding after a declaration of mistrial. *Huseman* does not address this issue, and we have not found any Texas cases that do. We will therefore turn to the law of other jurisdictions for guidance.

## Effect of Stipulation at Subsequent Trial

We have previously defined "stipulation" as "an agreement, admission, or concession made in a judicial proceeding by the parties or their attorneys, respecting some matter incident thereto." *Nat'l Union Fire Ins. Co. v. Martinez,* 800 S.W.2d 331, 334 (Tex.App.-El Paso 1990, no writ). Wigmore provides a definition that accurately describes the stipulation at issue in this case: "An express waiver made in court or preparatory to trial by the party or his attorney conceding for the purposes of the trial the truth of some alleged fact...." 9 JOHN HENRY WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 2588 (James H. Chadbourn rev., 1981). Wigmore prefers to use the term "judicial admission" instead of "stipulation." *See id.*

There is some disagreement among jurisdictions regarding whether a stipulation entered into at one trial is admissible at a subsequent trial of the same case. *See id.* § 2593. According to Wigmore, the "orthodox English practice" clearly allowed it.

*Id.* We have found dicta in one early Texas decision that is in accord with this practice. *See Lee v. Wharton,* 11 Tex. 61, 1853 WL 4404, at *8 (1853) (special court) (indicating that a stipulation is admissible in a subsequent trial unless the stipulation states that it is intended to be used only at a single term of court). From our review of the cases, it appears that the weight of modern authority from other jurisdictions is also in accord. *See, e.g., United States v. Marino,* 617 F.2d 76, 82 (5th Cir.1980); *Gonzales v. Pacific Greyhound Lines,* 34 Cal.2d 749, 214 P.2d 809, 812–13 (1950); *Atlas Life Ins. Co. v. Unger,* 198 Okla. 234, 177 P.2d 98, 102 (1947); *Sovereign Camp, W.O.W. v. Jones,* 235 Ala. 378, 178 So. 891, 891 (1938). *But see Paine v. Chicago & N.W. Ry. Co.,* 217 Wis. 601, 258 N.W. 846, 848 (1935) (stating that when a stipulation was made to save time because a party was confident of success on another point, the stipulation is not binding at a future trial); *Rigdon v. More,* 242 Ill. 256, 89 N.E. 992, 993 (1909) (stating that a stipulation of facts is not admissible at a second trial over the objection of either party).

The *Marino* case has a procedural posture similar to this case. *See* 617 F.2d at 82. A defendant entered into a stipulation regarding another offense he committed. The first trial resulted in a mistrial, and the defendant argued that the stipulation was inadmissible at the second trial. The court rejected this argument. *Id.*

Sound policy reasons support the result in *Marino.* As stated by Wigmore:

[A]fter the case of the party benefitting by the admission has been exposed at the first trial, the party making the admission may discover that the proof of the fact would have been difficult or onerous, and by withdrawing the admission he may thus obtain a factitious advantage which the law hardly contemplates as the consequence of a new trial.

Moreover, the ignorance which may have led to an ill-advised admission is no more a cause for revoking it at the second trial than at the first; and in any event the judge's discretion may grant relief ... in the one instance as well as the other. It would seem, having regard to the voluntary and contractual nature of the act, that the duration of its effect, no less than its scope, depends after all on the intent of the parties; that this implied intent may vary with the circumstances; and that where no special circumstances indicate the contrary, the intention should be implied to extend the effect of the admission to all subsequent parts of substantially the same litigation between the same parties, including a new trial....

WIGMORE § 2593.

In this case, there is nothing in the stipulation limiting its use to the first trial. For this reason, the trial judge was correct in his determination that the stipulation was admissible at the second trial. We also note that the judge was aware of the circumstances surrounding the stipulation because he had signed the stipulation and had presided over the first trial. *Cf. Discovery Operating, Inc. v. Baskin,* 855 S.W.2d 884, 886–87 (Tex.App.-El Paso 1993, orig. proceeding) (stating that the intention of the parties to a stipulation must be determined from the language used in light of the surrounding circumstances).

### Discretion to Set Aside a Stipulation

Wigmore states that even though a stipulation is generally binding on the parties, a trial court has discretion to set aside a stipulation. WIGMORE §§ 2590, 2593. This statement is consistent with Texas law. *See Franco v. State,* 552 S.W.2d 142, 144 (Tex.Crim.App.1977); *Valero Eastex Pipeline Co. v. Jarvis,* 990 S.W.2d 852, 856

(Tex.App.-Tyler 1999, pet. denied); *New v. First Nat'l Bank,* 476 S.W.2d 121, 124 (Tex.Civ.App.-El Paso 1971, writ ref'd n.r.e.).

Franco illuminates the type of situation in which a trial court should exercise its discretion to set aside a stipulation. In *Franco,* the appellant and the prosecutor engaged in plea negotiations regarding the State's motion to revoke probation. As a result of the negotiations, the appellant initially intended to plead true. At that time, he signed a boilerplate document, stipulating that the facts in the State's motion to revoke were true. By the time of the hearing on the motion to revoke, however, plea negotiations had apparently broken down. The appellant entered a plea of not true and objected to admission of the stipulation. The trial court overruled the objection and admitted the stipulation into evidence. *Franco,* 552 S.W.2d at 143–44. The Court of Criminal Appeals noted that "[s]etting aside a stipulation ordinarily is within the discretion of the trial court." *Id.* at 144. But the court concluded that the trial court "abused its discretion in revoking appellant's probation...." *Id.* The court stated, "From appellant's persistence in pleading untrue, we can only conclude that appellant signed the stipulation of evidence involuntarily or under a mistake of fact as to the nature of the negotiated plea-agreement." *Id.*

In *Franco,* it was clear that the appellant entered into the stipulation in anticipation of pleading true. When the plea negotiations broke down and the appellant decided to plead not true, he should have been relieved of the binding effect of the stipulation. This case does not present similar facts. Carrasco entered the same plea at both trials. Considering the trial judge's familiarity with the stipulation and the first trial, we find nothing in the record to indicate that the judge abused his discretion by refusing to set the stipulation aside.

## Conclusion

Carrasco's sole issue on appeal is overruled, and the judgment of the trial court is affirmed.