Oscar BRITO CARRASCO, Appellant,

v.

The STATE of Texas.

No. PD–0173–04.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 19, 2005.

Mike Barclay, Alpine, for Appellant.

Frank D. Brown, District Atty., Alpine, Matthew Paul, State's Atty., Austin, for State.

WOMACK, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

The issue in this case is whether a waiver and stipulation of evidence agreed to by an appellant may be binding on him, over his objection, at a subsequent trial for the same offense, after his first trial ends in a mistrial. We hold that the admission of a stipulation in the subsequent trial is left to the sound discretion of the trial court.

The appellant, Oscar Brito Carrasco, was charged with the murder of his wife. At trial, he entered into a written stipulation admitting that he stabbed and killed his wife, and agreeing that he would not object to certain items of evidence. The

appellant stipulated that the following exhibits would be admissible into evidence: left boot found at home, blue jeans, can of charcoal lighter fluid, knife blade, knife handle, socks, photograph of the deceased, photograph of the area where the body was found, autopsy report, lab reports, photograph of the appellant, and photograph of a pickup truck. He raised the affirmative defense of insanity. The trial ended with a hung jury and a mistrial.

At his subsequent trial, the appellant objected to the admission of his stipulation, State's Exhibit 25:

And just so the record is clear, Your Honor, the objection to State's Exhibit No. 25; this is a waiver and stipulation of evidence that was entered into on October 29, 2001, when we tried the last case with Oscar Carrasco. This waiver and stipulation of evidence was entered into between prosecutor and myself because of the unavailability of some of the witnesses that the State had and to bring them up to trial. Some of them had previous training, FBI training, or they had some other commitment. It was also an effort at streamlining the trial and try to get it to the jury as quick as possible. It was for those reasons that we entered into this stipulation.

This stipulation is now being used against Oscar Carrasco in this trial, in which I want the record to be clear that we are not agreeing to the stipulation and we are objecting to the admissibility of this stipulation. There are several items in this stipulation that have already been admitted in evidence, items that the DA was not going to admit that he has now admitted.

And therefore, we think that it's going to just basically be duplicative of what he has already introduced. It's going to be used as bolstering some of the other witnesses' testimony. And for the reason that we believe that we had a contractual agreement in nature in the prior stipulation as to the admissibility of some of the evidence, both by the State and the Defense, we don't feel we should be bound by that stipulation at this trial; for the record, Your Honor.

The trial court overruled his objection and noted that "the stipulation was made before any trial was had and it was made for trial purposes. The stipulation doesn't say it was made for a trial on a particular date, and it was not withdrawn. It's a live stipulation, and I am going to overrule your objection."

On appeal, the appellant argued "that the trial court erred by admitting into evidence Exhibit No. Twenty Five (25), which was a stipulation wherein Appellant admitted causing the death of the victim." He claimed that "the stipulation had been offered and admitted during the original trial, which resulted in a hung jury. Since a new trial was ordered, this Exhibit could not again be offered without agreement from Appellant's counsel."

The Eighth Court of Appeals overruled the appellant's issue on appeal and affirmed his conviction. The court first analyzed the effect of a mistrial, noting that a declaration of mistrial renders a pending trial a nugatory proceeding and that after a mistrial, the case stands as it did before the mistrial. The court turned to the law of other jurisdictions and concluded that the weight of modern authority favored admission of the evidence. It then addressed whether a stipulation that is not part of a guilty plea remains binding after a mistrial is declared. It concluded, "[c]onsidering the trial judge's familiarity with the stipulation and the first trial, we find nothing in the record to indicate that the judge abused his discretion by refusing to set the stipulation aside." *Carrasco v.*

*State,* 122 S.W.3d 366, 370 (Tex.App.-El Paso, 2003).

■■■■ In considering a trial court's ruling on the admissibility of evidence, an appellate court must determine whether the trial court abused its discretion. *Willover v. State,* 70 S.W.3d 841, 845 (Tex.Cr. App.2002). In other words, the appellate court must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Id.* Finally, an appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made. *Id.; Weatherred v. State,* 15 S.W.3d 540, 542 (Tex.Cr.App.2000).

■■■■ A trial court has discretion to set aside a stipulation. *Franco v. State,* 552 S.W.2d 142, 144 (Tex.Cr.App.1977). Here, the trial judge at the appellant's second trial was the judge who signed the stipulation and had presided over the first trial. Thus, he was aware of the circumstances surrounding the stipulation. In ruling on the appellant's objection, he noted that there is nothing in the stipulation limiting its use to the first trial. This is not a situation like those in *Franco v. State, supra,* or *Huseman v. State,* 17 S.W.3d 704 (Tex.App.-Amarillo 1999, pet. ref'd), cited by the appellant, in which the stipulations were made by defendants who pleaded guilty. There is nothing in the record indicating that the court abused its discretion by refusing to exclude the stipulation from evidence in the appellant's second trial.

We affirm the judgment of the Eighth Court of Appeals.

MEYERS, J., filed a concurring opinion.

COCHRAN, J., filed a concurring opinion, in which HOLCOMB, J., joined.

MEYERS, J., filed a concurring opinion.

I disagree with the majority's analysis of the decision of the trial judge in overruling Appellant's objection to the admission of the stipulation. The majority reasons that because the trial judge in the second trial was the same judge who signed the stipulation and presided over the first trial, he was aware of the circumstances surrounding the stipulation and concluded that the use of the stipulation was not limited to the first trial. Thus, because the stipulation was used in the first trial, the majority sees no reason why it should be excluded from the second trial. I disagree that the determination of whether a stipulation is admissible should be based on the fact that it was used in a previous trial. We should instead disregard the previous use and consider the purpose of the stipulation.

The Appellant stipulated to the underlying facts of the crime and was presenting a defense of insanity. Both the State and Appellant agreed that the stipulation was entered into in order to save time in the first trial. Appellant additionally stated that the stipulation was entered into due to the unavailability of some of the State's witnesses at the time of the first trial, so the stipulation was a substitute for the testimony of the witnesses. However, at the retrial, the State presented these witnesses, so the purpose of the stipulation no longer existed. And, some of the items of evidence listed in the stipulation were not initially going to be admitted by the State, but later, at the retrial, were admitted into evidence. Because the stipulation duplicated evidence that was already presented by the State, Appellant objected that the State was not abiding by the agreement and thus it was no longer binding and should not be admitted.

Texas Rule of Evidence 403 provides: "Although relevant, evidence may be ex-

cluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or *needless presentation of cumulative evidence*" (emphasis added). In *Tamez v. State*, 11 S.W.3d 198 (Tex.Crim. App.2000), the defendant was charged with DWI. The offense was raised to a third degree felony because the defendant had at least two prior convictions. We held that it was a violation of Rule 403 for the trial court to allow the State to present evidence of defendant's six previous DWI convictions rather than allow the defendant to stipulate to two prior convictions. Although this case is slightly different in that the defendant was not allowed to stipulate while in the case before us, Appellant's stipulation was entered over his objection, the issue is the same—whether the State was allowed to needlessly present cumulative evidence.

Since the State chose another path for presenting the evidence, which abolished the reason the parties entered into the stipulation, the stipulation should have been rendered void. I would have considered the nullified purpose of the stipulation as well as analyzed the decision of the trial judge under Rule of Evidence 403 and

held that he abused his discretion in admitting the stipulation into evidence.

However, because the admission of the stipulation merely duplicated evidence that was already presented and served only to bolster the State's case, the admission of the stipulation over Appellant's objection was harmless. Therefore, while I disagree with the analysis, I agree with the result and concur in the majority's decision to affirm the judgment of the court of appeals.

COCHRAN, J., filed a concurring opinion in which HOLCOMB, J., joined.

I join the majority opinion. I write separately only to emphasize that there is an important distinction between a stipulation of evidence and an admission of a party opponent, which may be contained within a stipulation.

A valid written stipulation of evidence which meets the legal requirements of formality is binding on the parties in that trial.[1] It is conclusive evidence of the facts to be proved and may not be countered with other evidence—at least not over objection.[2] A formal stipulation of evidence which has been used in one trial may be binding upon a party in a subsequent trial involving the same parties.[3] Nonetheless,

---

1. *Hollen v. State*, 87 S.W.3d 151, 155 (Tex. App.-Fort Worth 2002) (stating that when "a stipulation limits the issues to be tried or considered by the jury, those issues are excluded from consideration. Moreover, a stipulation 'obviates the need for proof on [the] litigable issue' "), *rev'd on other grounds*, 117 S.W.3d 798 (Tex.Crim.App.2003); *Perry v. Brooks*, 808 S.W.2d 227, 229 (Tex.App.-Houston [14th Dist.] 1991, no writ) (stating that "[s]tipulations are conclusive as to the facts stipulated and to all matters necessarily included therein.... As such, stipulations enjoy equal dignity with judicial admissions, which eliminate an adversary's necessity of proof and establish the admitted elements as a matter of law"); *M.J.R.'s Fare of Dallas, Inc. v. Permit and License Appeal Bd. of Dallas*, 823

S.W.2d 327, 330–31 (Tex.App.-Dallas1991, writ denied) (when parties stipulate to facts and documentary evidence, "[t]hese stipulations are binding upon the parties, the trial court, and the reviewing court"); *Valdes v. Moore*, 476 S.W.2d 936, 940 (Tex.Civ.App.-Houston [14th Dist.] 1972, writ ref'd n.r.e.).

2. *M.J.R.'s Fare of Dallas, Inc.*, 823 S.W.2d at 331 (stating that trial courts are bound by stipulated facts and "cannot make any findings of fact which do not conform to the stipulated facts").

3. *High Plains Distributor v. Texas Liquor Control Bd.*, 318 S.W.2d 681, 683–684 (Tex.Civ.App.Amarillo 1958, no writ) (stipu-

a trial judge always has the discretion to modify or set aside a stipulation.[4] His action is reviewable only for abuse of that discretion *except* when the stipulation: 1) affects the substance of the cause of action; 2) counsel lacked knowledge of the facts; and 3) no prejudice to either party will result if the stipulation is set aside.[5] Under those specific conditions, the trial judge must allow a party to withdraw a stipulation.

An admission by a party-opponent, *e.g.,* one by the defendant in a criminal case, which is contained within a valid stipulation, is a judicial admission for purposes of the proceeding in which it was obtained.[6] It is conclusive against that party in the particular proceeding, and he cannot offer evidence to dispute the truth of that admission.[7] However, a judicial admission in one criminal case is not conclusive in another case, even a related case. It is,

however, always admissible against that person or defendant. In law, a judicial confession in one case becomes an evidentiary admission in any future case.[8]

In this case, the defendant's judicial admission that "I, Oscar Brito Carrasco, caused the death of Ivonne Juarez Duran, by stabbing her in the chest with a deadly weapon, to wit, a knife," was binding upon him the first trial, and it was conclusive of the facts stated.[9] After the first trial ended in a mistrial, the trial court had the judicial discretion to allow the defendant to withdraw the stipulation of evidence (which contained both appellant's admission of specific facts and his agreement to the admissibility of certain evidence).

However, appellant's admission of facts remains an evidentiary admission under Rule 801(e)(2)(1) forever.[10] Unlike a

---

lated agreement made in one suit bound same party in a later suit concerning the same subject); *see generally,* JOHN HENRY WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 2593 (Chadbourn rev.1981) (concluding that, when there are "no special circumstances [to] indicate the contrary, the intention [to stipulate] should be implied to extend the effect of the admission to all subsequent parts of substantially the same litigation between the same parties, including a new trial").

**4.** *Valero Eastex Pipeline Co. v. Jarvis,* 990 S.W.2d 852, 856 (Tex.App.-Tyler 1999, pet. denied) (stating that the "modification or rescission of a stipulation is within the discretion of the trial court and will not be disturbed on appeal unless it is shown that the trial court abused its discretion"); *Guerrero v. Smith,* 864 S.W.2d 797, 801 (Tex.App.-Houston [14 Dist.] 1993, no writ) (noting that "[a]lthough the trial court has the power to modify or set aside a stipulation, if it is not set aside, it is conclusive as to the facts stipulated and all matters necessarily included therein").

**5.** *Porter v. Holt,* 73 Tex. 447, 450, 11 S.W. 494, 495 (1889) (when motion to withdraw stipulation showed that attorney "through a mistake had agreed to yield up a substantial

defense to the action" and neither side would be prejudiced by withdrawal of stipulation, trial court erred in failing to grant motion); *see also Franco v. State,* 552 S.W.2d 142, 144 (Tex.Crim.App.1977) (concluding that because defendant signed "stipulation of evidence involuntarily or under a mistake of fact as to the nature of the negotiated plea-agreement[,]" he should have been relieved of the binding nature of its effect).

**6.** CHARLES McCORMICK, McCORMICK ON EVIDENCE § 262, at 776 (3d ed.1986).

**7.** *Id.*

**8.** *Id.*

**9.** *See Ramirez v. State,* 383 S.W.2d 606, 607 (Tex.Crim.App.1964) ("[a]ppellant is in no position to complain at the admission of [unauthenticated prison records] in evidence, in view of his judicial admission in open court that he had been previously convicted as alleged").

**10.** *See Chaney v. State,* 494 S.W.2d 813, 815 (Tex.Crim.App.1973) ("[v]oluntary admissions of a party in one judicial proceeding are admissible against him in other judicial pro-

guilty plea and statements made during plea negotiations which, under certain circumstances, may be withdrawn before a person is convicted and sentenced,[11] an admission by a party-opponent will never disappear. It cannot be erased. Like any street corner statement that appellant may have made to his neighbors, friends, enemies, or the local television news reporter, that statement will be admissible against him in any future proceeding in which it might be relevant. Appellant may explain the statement away, he may offer evidence that the statement is not true, but having voluntarily and intelligently made this admission, he cannot un-say it or "lure it back to cancel half a Line." [12]

With these comments, I join the majority opinion and invite the interested reader to consult the informative opinion by the El Paso Court of Appeals in this case.[13]

---

ceedings to which he may be a party"). *See generally*, McCormick, § 262, at 776 (distinguishing evidential admissions from judicial admissions; noting that "[j]udicial admissions are not evidence at all, but are formal admissions in the pleadings in the case, or stipulations, oral or written, by a party or his counsel which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. Thus the judicial admission, unless it should be allowed by the court to be withdrawn, is conclusive in the case, whereas the evidential admission is not conclusive but is always subject to be contradicted or explained"); 2 Steven Goode, Olin Guy Wellborn III, M. Michael Sharlot, Texas Practice: Guide to the Texas Rules of Evidence: Civil and Criminal § 801.7 at 110 (2d ed.1993) (stating that "Rule 801(e)(2) treats only the subject of 'evidentiary' admissions. As the name suggests, these are merely 'admissible,' not conclusive. The

subject of 'judicial' admissions, which are conclusive is governed not by evidence law but by the law of procedure"); 24A Tex. Jur. 3d (Admissions in Judicial Proceedings) § 3611 at 203–04 (2004) (noting that "[p]rior admissions of the accused before the grand jury, at the preliminary examination or inquest, in a former trial for either the same offense or a prior similar crime, in a prior civil case, or at the trial of another are ordinarily admissible in evidence against the accused") (footnotes omitted).

11. *See Huseman v. State*, 17 S.W.3d 704, 705 (Tex.App.-Amarillo 1999, pet. ref'd); *see generally* Tex.R. Evid. 410.

12. Edward Fitzgerald, The Rubáiyáit of Omar Khayyám st. 71 (4th ed. 1879).

13. *Carrasco v. State*, 122 S.W.3d 366 (Tex. App.-El Paso 2003).