IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. PD-0173-04






OSCAR BRITO CARRASCO, Appellant



v.



THE STATE OF TEXAS






ON DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


PRESIDIO COUNTY 






 Womack, J., delivered the opinion of the Court, in which Keller, P.J., and
Price, Johnson, Keasler, Hervey, Holcomb, and Cochran, JJ., joined.
Meyers, J., filed a concurring opinion. Cochran, J., filed a concurring opinion,
in which Holcomb, J., joined.



 The issue in this case is whether a waiver and stipulation of evidence agreed to by an
appellant may be binding on him, over his objection, at a subsequent trial for the same offense,
after his first trial ends in a mistrial. We hold that the admission of a stipulation in the subsequent
trial is left to the sound discretion of the trial court.

 The appellant, Oscar Brito Carrasco, was charged with the murder of his wife. At trial, he
entered into a written stipulation admitting that he stabbed and killed his wife, and agreeing that
he would not object to certain items of evidence. The appellant stipulated that the following
exhibits would be admissible into evidence: left boot found at home, blue jeans, can of charcoal
lighter fluid, knife blade, knife handle, socks, photograph of the deceased, photograph of the area
where the body was found, autopsy report, lab reports, photograph of the appellant, and
photograph of a pickup truck. He raised the affirmative defense of insanity. The trial ended with
a hung jury and a mistrial.

 At his subsequent trial, the appellant objected to the admission of his stipulation, State's
Exhibit 25:

 And just so the record is clear, Your Honor, the objection to
State's Exhibit No. 25; this is a waiver and stipulation of evidence
that was entered into on October 29, 2001, when we tried the last
case with Oscar Carrasco. This waiver and stipulation of evidence
was entered into between prosecutor and myself because of the
unavailability of some of the witnesses that the State had and to
bring them up to trial. Some of them had previous training, FBI
training, or they had some other commitment. It was also an effort
at streamlining the trial and try to get it to the jury as quick as
possible. It was for those reasons that we entered into this
stipulation.

 

 This stipulation is now being used against Oscar Carrasco in this
trial, in which I want the record to be clear that we are not agreeing
to the stipulation and we are objecting to the admissibility of this
stipulation. There are several items in this stipulation that have
already been admitted in evidence, items that the DA was not
going to admit that he has now admitted.

 

 And therefore, we think that it's going to just basically be
duplicative of what he has already introduced. It's going to be used
as bolstering some of the other witnesses' testimony. And for the
reason that we believe that we had a contractual agreement in
nature in the prior stipulation as to the admissibility of some of the
evidence, both by the State and the Defense, we don't feel we
should be bound by that stipulation at this trial; for the record,
Your Honor. 


The trial court overruled his objection and noted that "the stipulation was made before any trial
was had and it was made for trial purposes. The stipulation doesn't say it was made for a trial on
a particular date, and it was not withdrawn. It's a live stipulation, and I am going to overrule your
objection." 

 On appeal, the appellant argued "that the trial court erred by admitting into evidence
Exhibit No. Twenty Five (25), which was a stipulation wherein Appellant admitted causing the
death of the victim." He claimed that "the stipulation had been offered and admitted during the
original trial, which resulted in a hung jury. Since a new trial was ordered, this Exhibit could not
again be offered without agreement from Appellant's counsel." 

 The Eighth Court of Appeals overruled the appellant's issue on appeal and affirmed his
conviction. The court first analyzed the effect of a mistrial, noting that a declaration of mistrial
renders a pending trial a nugatory proceeding and that after a mistrial, the case stands as it did
before the mistrial. The court turned to the law of other jurisdictions and concluded that the
weight of modern authority favored admission of the evidence. It then addressed whether a
stipulation that is not part of a guilty plea remains binding after a mistrial is declared. It
concluded, "[c]onsidering the trial judge's familiarity with the stipulation and the first trial, we
find nothing in the record to indicate that the judge abused his discretion by refusing to set the
stipulation aside." Carrasco v. State, 122 S.W.3d 366, 370 (Tex. App. -- El Paso, 2003).

 In considering a trial court's ruling on the admissibility of evidence, an appellate court
must determine whether the trial court abused its discretion. Willover v. State, 70 S.W.3d 841,
845 (Tex. Cr. App. 2002). In other words, the appellate court must uphold the trial court's ruling
if it is reasonably supported by the record and is correct under any theory of law applicable to the
case. Id. Finally, an appellate court must review the trial court's ruling in light of what was
before the trial court at the time the ruling was made. Id.; Weatherred v. State, 15 S.W.3d 540,
542 (Tex. Cr. App. 2000).

 A trial court has discretion to set aside a stipulation. Franco v. State, 552 S.W.2d 142,
144 (Tex. Cr. App. 1977). Here, the trial judge at the appellant's second trial was the judge who
signed the stipulation and had presided over the first trial. Thus, he was aware of the
circumstances surrounding the stipulation. In ruling on the appellant's objection, he noted that
there is nothing in the stipulation limiting its use to the first trial. This is not a situation like those
in Franco v. State, supra, or Huseman v. State, 17 S.W.3d 704 (Tex. App. -- Amarillo 1999, pet.
ref'd), cited by the appellant, in which the stipulations were made by defendants who pleaded
guilty. There is nothing in the record indicating that the court abused its discretion by refusing to
exclude the stipulation from evidence in the appellant's second trial.

 We affirm the judgment of the Eighth Court of Appeals. 


En banc.

Delivered: January 19, 2005.

Publish.