Affirmed and Memorandum Opinion filed May 24, 2005









Affirmed and Memorandum Opinion filed May 24, 2005.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01170-CR

_______________

 

RONALD DEE FORD, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                    
           

On
Appeal from the 230th District Court

Harris
County, Texas

Trial
Court Cause No. 951,121

                                                                                                                                               


 

M E M O R A N D U M  
O P I N I O N

 

Ronald
Ford appeals a conviction for aggravated sexual assault of a child[1]
on the grounds that the trial court erred in: (1) excluding two exhibits
offered for impeachment; and (2) admitting evidence of extraneous offenses.[2]  We affirm.








Appellant=s first issue challenges the trial
court=s exclusion of two exhibits (the Aexhibits@) that appellant contends supported
his defense theory that the complainant fabricated her allegations against him
so she could go live with her mother.

Before
offering the exhibits into evidence during cross-examination of the
complainant, appellant=s counsel laid a predicate establishing that: (1) the
complainant recognized the exhibits; (2) she handwrote them; (3) she gave one
to a friend; and (4) the other was a poem. 
The State objected to the exhibits on the grounds that they were not
relevant and no proper predicate had been laid. 
Defense counsel responded that the exhibits went:

to
the defendant=s position that, one, she is not a
truthful person and she is writing about a girl by the name of Iranda, which
[sic] telling them Iranda is a liar and she can=t help herself by lying.  And the second one is a letter to Demecia in
which she says, AI need all the details. 
I can=t go forward without the details.@

The trial court
sustained the State=s objection based on relevance, but allowed defense counsel
to question the complainant about the exhibits.

Although
appellant contends that the exclusion of the exhibits impaired his right to
cross-examine the complainant, he does not explain how this was true in that
the trial court allowed him to fully question her regarding the exhibits.  Appellant also contends that the jury should
have been allowed to accept or reject the exhibits as proof of a conspiratorial
fabrication.  However, he cites no
portions of the exhibits that refer to any facts in this case, support a
conspiratorial fabrication regarding the complainant=s allegations, or could not have been
brought to the jury=s attention through questions addressed to the witness.  Similarly, appellant=s predicate for introducing the
exhibits failed to establish either that they had any relevance to issues in
the case or were otherwise admissible, such as under Texas Rule of Evidence
613.  Under these circumstances, his
first issue does not demonstrate error in excluding the exhibits and is
overruled.








Appellant=s second issue challenges the trial
court=s admission of extraneous offense
evidence as lacking relevance other than to show character conformity and as being
unfairly prejudicial.  See Tex. R. Evid. 403, 404(b).

Extraneous
offense evidence is not admissible to show character conformity but can be
admissible if relevant for another purpose, such as to rebut a defensive
theory.  See Tex. R. Evid. 404(b); Moses v. State,
105 S.W.3d 622, 626 (Tex. Crim. App. 2003). 
In this case, a central defense theory, presented during opening
statement, was that the complainant fabricated the allegations so she could
live with her mother rather than appellant. 
The extraneous offense evidence consisted of the testimony of appellant=s step-sister and half-sister that he
had sexually abused each of them when they were a teenager and child,
respectively.  Apart from character
conformity, this evidence was relevant to show similar prior misconduct by
appellant in circumstances that did not involve the complainant wanting to live
with her mother as a possible motive for fabricating the allegation.[3]








To
sustain his rule 403 challenge, appellant would have to demonstrate that the
probative value of the evidence was so substantially outweighed by the
danger of unfair prejudice that the decision to admit the evidence was
not even within the zone of reasonable disagreement.  See Tex.
R. Evid. 403; Moses, 105 S.W.3d at 626.  However, appellant=s argument in this regard is based on
the premise that the evidence had no probative value other than to show
character conformity, and, thus, that the State had no legitimate need for it
(in which case, it would be inadmissible under rule 404(b) without regard to
rule 403).  As to the probative value of
the evidence, noted above, to rebut the defensive theory of fabrication,
appellant=s contentions do not demonstrate
unfair prejudice that so substantially outweighed the probative value that admitting
the evidence was outside the zone of reasonable disagreement.  Accordingly, appellant=s second point of error is overruled,
and the judgment of the trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed May 24, 2005.

Panel consists of
Justices Yates, Edelman, and Guzman.

Do not publish C Tex.
R. App. P. 47.2(b).

 











[1]           A jury
convicted appellant and assessed punishment of thirty-five years confinement.





[2]           Rulings
on the admissibility of evidence are reviewed for abuse of discretion based on
what was before the trial court at the time the ruling was made and will be
upheld if supported by the record and correct under any theory of law
applicable to the case.  Brito Carrasco
v. State, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).





[3]           See
Wheeler v. State, 67 S.W.3d 879, 887-88 (Tex. Crim. App. 2002) (holding
that the extraneous offense evidence served to rebut the defensive theory of
frame-up by showing appellant=s similar prior misconduct in circumstances involving
neither money nor revenge as possible motives for alleging the misconduct
against him).