Affirmed and Memorandum Opinion filed October 24, 2006








Affirmed and Memorandum Opinion filed October 24, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00798-CR

_______________

 

CARLOS DAVID SILVA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 1006747

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Carlos David Silva appeals a
conviction for murder[1] on the ground
that the trial court erred by excluding the testimony of his eyewitness
identification expert, Dr. Steven Rubenzer, a forensic psychologist.  We
affirm.








A trial court=s ruling on the admission of expert
testimony is reviewed for abuse of discretion.  Ellison v. State, __
S.W.3d __, __ (Tex. Crim. App. 2006).  In addition, a trial court=s decision to admit or exclude
evidence will be upheld if it is correct under any theory of law applicable to
the case and supported by the record before the trial court at the time the
ruling was made.  Brito Carrasco v. State, 154 S.W.3d 127, 129 (Tex.
Crim. App. 2005); Osbourn v. State, 92 S.W.3d 531, 538 (Tex. Crim. App.
2002).

An expert witness=s testimony is admissible if the
expert is qualified and his specialized knowledge will assist the trier of fact
to understand the evidence or determine a fact in issue.  Tex. R. Evid. 702.  To meet this
requirement, expert testimony must be sufficiently reliable and relevant.  Russeau
v. State, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005), cert. denied,
126 S. Ct. 2982 (2006).  The reliability of scientific testimony is determined
by a variety of factors, including the qualifications of the expert witness.  Id. 
The relevance of such testimony depends on whether the testimony sufficiently
ties enough facts of the case to the scientific principles about which the
expert testifies that the testimony is thereby helpful to the jury.  Morales
v. State, 32 S.W.3d 862, 865B66 (Tex. Crim. App. 2000).  In
addition, even expert testimony that is otherwise relevant and reliable may be
excluded if it would confuse or mislead the jury.  Kelly v. State, 824
S.W.2d 568, 572 (Tex. Crim. App. 1992).

In this case, the trial court excluded
Dr. Rubenzer=s testimony on eyewitness and cross-racial identification on the ground
that he did not adequately establish his qualifications as an expert in that
field. Without deciding whether the testimony was not reliable for that reason,
we conclude that the exclusion of the evidence was within the trial court=s discretion for lack of relevance
based on the evidence presented to the trial court at the Daubert[2]
hearing (the Ahearing@).








At the hearing, Dr. Rubenzer
proffered testimony on: (1) how the human memory works; (2) Across-race@ identification and Aweapon focus@; and (3) photo spread
identification.  He stated that he was only there to discuss the human memory
and the eyewitness identification factors as well as the techniques and
standards for administering photo spreads.  However, he did not relate most of
the abstract principles of which he spoke  to the facts of the case or specify
how any of the eyewitness identification factors could have affected the
eyewitness identification in this case.  For instance, he testified about the
different stages of memory, but did not discuss how that information could be
pertinent to the eyewitness identification in this case.  Similarly, Dr.
Rubenzer described theories of cross-racial identification and weapon focus,
but provided no basis for the jury to evaluate how those theories affected the
accuracy of Charlotte Onenese=s eyewitness testimony.

Regarding the use of photo spreads,
most of Dr. Rubenzer=s testimony focused on matters not involving scientific,
technical, or other specialized knowledge.  For instance, he expressed concerns
over the differences between appellant=s photo and those of the other
subjects.  He stated that the differences in the backgrounds of the photos and
appellant=s hair style compared to the other subjects could have caused appellant=s photo to stand out on the photo
spreads.[3]  Dr. Rubenzer
also stated the photo spread administrations were problematic because they were
not video taped or recorded; however, he did not discuss how this may have
affected the eyewitness identifications made in this case.

Under these circumstances, it was within the trial
court=s discretion to conclude that Dr. Rubenzer=s testimony would not have been helpful to the jury in
understanding the evidence or deciding any facts at issue in this case. 
Therefore, appellant=s issue is overruled, and the judgment of the trial
court is affirmed.

 

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed October 24, 2006.

Panel consists of Justices Fowler,
Edelman, and Frost.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury found appellant guilty, and the
trial court assessed punishment at life in confinement.





[2]           Daubert v. Merrell Dow Pharms., Inc.,
509 U.S. 579 (1993).





[3]           Many of these concerns were brought before
the jury through another witness, investigator Brian Harris.