# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00582-CR

**Michael Ray Chandler, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT NO. CR2011-365, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Michael Ray Chandler, Jr., was charged with three counts of indecency with a child by exposure. *See* Tex. Penal Code § 21.11(a)(2)(A); *see also id.* § 21.11(d) (explaining that offense is third-degree felony). In particular, the indictment alleged that with an intent to arouse or gratify sexual desire Chandler exposed his genitals on three occasions knowing that a child younger than 17 years old was present. The victim was Chandler's stepdaughter C.F.B. At the time of the offenses, C.F.B. was 15 years old. The indictment also contained two enhancement paragraphs alleging that Chandler had previously been convicted of two felony offenses. After a trial, the jury found Chandler guilty of two of the three counts. Subsequent to the jury reaching its decision, the district court found the enhancement allegations to be true and sentenced Chandler to life imprisonment for the first count and to 98 years and 10 months for the second count. *See id.* § 12.42(d) (elevating permissible punishment range for person previously convicted of two felony offenses).

The district court ordered that the two sentences be served consecutively. Shortly after the district court issued its judgment, Chandler appealed his conviction. We will affirm the district court's judgment of conviction.

## DISCUSSION

On appeal, Chandler presents three issues challenging his conviction. In his first issue, Chandler contends that the evidence was legally insufficient to support his conviction because the evidence did not support the allegations in the indictment that the offenses took place in Comal County, Texas. In his second issue, Chandler asserts that the district court erred by admitting into evidence "certain search terms" found in the internet history of a computer retrieved from his home. Finally, Chandler argues that he was denied effective assistance of counsel because his trial attorney "failed to object to the introduction of certain search terms on a computer found in" his home.

### Venue

As mentioned above, in his first issue on appeal, Chandler contends that the evidence was insufficient to support his conviction because the evidence did not show that the offenses took place in Comal County, Texas, which is where the indictment alleged that the incidents occurred. Although Chandler acknowledges that the State mentioned Comal County when making its case, he argues that the State never mentioned Texas, which left "open the possibility of the offense occurring in another state besides Texas."

Venue is not an element of the offense in this case. *See* Tex. Penal Code § 21.11; *see also* Tex. Code Crim. Proc. art. 13.18 (providing that if venue is not specifically stated in governing statute, proper county for prosecution is where "offense was committed"); *State v.*

2

*Blankenship*, 170 S.W.3d 676, 681 (Tex. App.—Austin 2005, pet. ref'd) (explaining that failure to prove venue does not negate guilt of accused). During a trial, the State has the burden of proving venue by a preponderance of the evidence, *see* Tex. Code Crim. Proc. art. 13.17, and venue may be proven by circumstantial or direct evidence, *Couchman v. State*, 3 S.W.3d 155, 161 (Tex. App.—Fort Worth 1999, pet. ref'd). On the other hand, the defendant has the burden of objecting to the State's "failure to prove venue." *Grant v. State*, 33 S.W.3d 875, 878 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). When deciding the issue of venue, the fact-finder is permitted to "make reasonable inferences from the evidence" presented. *Bordman v. State*, 56 S.W.3d 63, 70 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Evidence is sufficient to establish venue if "'the jury may reasonably conclude that the offense was committed in the county alleged.'" *Couchman*, 3 S.W.3d at 161 (quoting *Rippee v. State*, 384 S.W.2d 717, 718 (Tex. Crim. App. 1964) and *Knabe v. State*, 836 S.W.2d 837, 839 (Tex. App.—Fort Worth 1992, pet. ref'd)). On appeal, reviewing courts are obligated to presume "that venue was proved in the trial court" unless the issue was "disputed in the trial court" or "unless the record affirmatively shows to the contrary." *See* Tex. R. App. P. 44.2(c)(1).

In his brief, Chandler contends that he disputed the issue of venue during trial and points to a portion of the record in which he requested a directed verdict. The exchange at issue occurred as follows:

THE COURT: Any motions . . . ?

CHANDLER'S ATTORNEY: What are we talking about here, Judge? Any motions about anything?

THE COURT: Well, they've rested so I mean --

3

CHANDLER'S ATTORNEY: I guess I could ask for a motion for directed verdict, Judge.

THE COURT: Denied.

In light of the general nature of this exchange, we cannot agree with Chandler's assertion that he disputed the issue of venue during the trial. *See Whalon v. State*, 725 S.W.2d 181, 188-89 (Tex. Crim. App. 1986) (concluding that defendant did not raise issue of venue in trial court by moving for directed verdict and asserting that evidence was "wholly insufficient to support a verdict of guilty and does not establish guilt beyond a reasonable doubt"); *Grant*, 33 S.W.3d at 879 (determining that motion for "instructed verdict 'asserting that State did not succeed in showing each and every element of the offense'" as set forth in the indictment was insufficient "to preserve the issue of venue").

Moreover, the record does not affirmatively show "to the contrary." *See* Tex. R. App. P. 44.2(c)(1). The indictment alleged that Chandler committed the offenses in Comal County, Texas. Consistent with that allegation, C.F.B. explained in her testimony that during the relevant time she lived in Comal County and went to a high school located in Comal County. Further, she related that the home that she lived in with her mom and Chandler was in Comal County and that the offenses occurred at the home when her mom left for work. Similarly, C.F.B.'s mother testified that until she learned of the offenses, she lived in a home with Chandler and C.F.B. in "Fischer, Texas," which was in "Comal County." In addition, Texas Ranger Keith Pauska explained in his testimony that he was asked to investigate the offenses in this case and that he was informed that the offenses occurred in Comal County. *See Woodward v. State*, 931 S.W.2d 747, 752 (Tex. App.—Waco 1996, no pet.) (rejecting argument that venue was not established when witness to

4

crime testified that she saw defendant commit offense in Brazos County, when investigating officers testified that they worked for Bryan Police Department, and when victim stated that he worked for Texas A&M University and lived in Bryan); *Hewitt v. State*, 734 S.W.2d 745, 747 (Tex. App.—Fort Worth 1987, pet. ref'd) (concluding that evidence was sufficient to show that offense took place in Tarrant County, Texas, where witnesses testified that offense occurred in "Tarrant County" and where other witnesses made references to Texas and to well-known aspects of Tarrant County).

In light of the preceding, we conclude that the presumption that venue was proven at trial applies. *See* Tex. R. App. P. 44.2(c)(1). Accordingly, we overrule Chandler's first issue on appeal.

**Admission of Evidence**

In his second issue, Chandler argues that the district court erred by allowing into evidence particular search terms that were obtained from the internet history on a computer that was in his home. The evidence pertained to searches that were made on the computer before the offenses at issue.

During the trial, Detective Brian Morgan testified that he used forensic software to locate the internet search history for the computer, and the State offered to admit as an exhibit a list of the search terms found in that history. Among other things, the list contains searches for sexual subject matters, including searches regarding teenage girls and searches pertaining to teenage girls having sex with their fathers and other family members.[1] In addition, the list also includes the

---

[1] The list contains dozens of graphic searches for sexual subject matters. Among other topics, the list contains the following search terms: "incest," "sleep teen vs. huge dick," "daddy fucks step daughter," and "mom and daughter."

following internet searches that form the basis for this issue on appeal: "reality of fallen angels from heaven," "demon of lust," "demons behind sexual lust," "sex demon[]s in the bible," "raped by demon," "succubus demon," "demon[]s having sex with women today," and "devil possessed." When the State offered to admit the list of the search terms found in the internet history, Chandler objected on the grounds that the searches were not relevant and that they were more prejudicial than probative. *See* Tex. R. Evid. 401-03. After overruling Chandler's objections, the district court admitted the list of terms.

When challenging the district court's ruling, Chandler essentially concedes that the searches for some of the sexual material "might be relevant" to the issue of intent, but he urges that the searches regarding demons and sex with demons should not have been admitted and were only introduced to "inflame the minds of the jurors."

We review a trial court's ruling on the admission of evidence under an abuse-of-discretion standard of review. *See Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010). Under that standard, a trial court's ruling will only be deemed an abuse of discretion if it is so clearly wrong as to lie outside the zone of reasonable disagreement, *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002), or is arbitrary or unreasonable, *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005). Moreover, the trial court's ruling will be upheld provided that the trial court's decision "is reasonably supported by the record and is correct under any theory of law applicable to the case." *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).

When objecting to the admission of the list, Chandler first argued that the evidence was not relevant. "'Relevant evidence' means evidence having any tendency to make the existence

6

of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex. R. Evid. 401; *see id.* R. 402 (stating that, in general, all "relevant evidence is admissible"). As mentioned by Chandler, the search terms concerning teenagers and concerning sexual activity between teenage girls and their relatives, particularly with their stepfathers, were relevant to the issue of whether Chandler intended to commit the offenses at issue in this case. *See id.* R. 401. However, during the trial, Chandler argued that several people had access to the computer and could have made those searches. The admission into evidence of the searches pertaining to demons helped link Chandler to the use of the computer and to the relevant internet searches. Specifically, the searches regarding demons used language that was similar to language found in letters written by Chandler to C.F.B.'s mother that were admitted into evidence. In those letters, Chandler repeatedly mentioned demons and demons of lust.

Accordingly, we cannot conclude that the district court abused its discretion by overruling Chandler's relevance objection.

When objecting to the admission of the search terms, Chandler also argued that they should not be admitted due to their prejudicial nature. Under Rule 403, relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." *Id.* R. 403. As used in the Rule, the term "probative value" refers to how strongly the evidence makes the existence of a fact more or less probable and to how much the proponent needs the evidence, and "unfair prejudice" refers to how likely it is that the admission of the evidence might result in a decision based on an improper basis, including an emotional one. *Davis*, 329 S.W.3d at 806. The Rule "favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Id.*

7

When determining whether evidence should have been excluded, reviewing courts must bear in mind that trial courts are afforded "an especially high level of deference" for Rule 403 determinations. *United States v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007). After objectively reviewing the governing criteria, a reviewing court should determine that the trial court abused its discretion only if the record shows "a risk that the probative value of the tendered evidence is substantially outweighed by unfair prejudice." *Montgomery v. State*, 810 S.W.2d 372, 393 (Tex. Crim. App. 1991) (op. on reh'g). When making this determination, a reviewing court should consider the tendency of the evidence to induce a decision on an improper basis, to confuse the jury or distract it from the main issues, and "to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence" as well as the amount of time needed to present the evidence, the evidence's inherent probative value, and the proponent's need for the evidence. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006).

In this case, Chandler was charged with indecency for exposing himself to his stepdaughter on more than one occasion. In particular, the testimony and the evidence presented, including a video of a confession made by Chandler when he was being interviewed by the police as well as letters written by Chandler to C.F.B.'s mother in which he admits that he committed the alleged offenses, indicated that Chandler repeatedly removed his clothing and masturbated in front of C.F.B. while watching pornographic videos. In addition, the letters written by Chandler to C.F.B.'s mother reveal that when Chandler performed these acts, he fantasized that C.F.B. was her mother when she was a teenager. More specifically, the letters revealed that C.F.B.'s mother had confided in Chandler that she had been repeatedly sexually abused by her uncle when she was

8

younger and that Chandler was attempting to recreate those events with C.F.B. In light of the allegations against Chandler and the evidence and testimony presented during trial, we do not believe that the evidence of internet searches related to demons had a tendency to induce a decision on an improper basis, to induce the jury to give undue weight to the evidence, or to confuse or distract the jury.

In addition, as mentioned above, due to the letters that Chandler wrote to C.F.B.'s mother in which he repeatedly discussed demons, the evidence of search terms regarding demons and regarding demons having sex with individuals had a tendency to link Chandler to the computer and to the other searches performed on the computer that were relevant to Chandler's intent. Moreover, the internet searches were only mentioned during Detective Morgan's testimony, and in its closing argument, the State did not emphasize the search terms and explained that the searches were not evidence of a crime and were offered only to show Chandler's intent.

Arguably, the State's need for the evidence and testimony concerning internet searches for demons was not great given, as mentioned above, that the State presented evidence showing that Chandler had admitted to committing the offenses. In addition, the State was able to link Chandler to the internet searches of teenage sexual activity through another means. Regarding the other link, Detective Morgan testified that an email account with a username corresponding to Chandler's full name was being used when the internet searches were performed; however, evidence that an email program was open and active when the internet searches were performed, without more, is not necessarily the strongest type of linking evidence.

After objectively reviewing the record and the governing criteria for Rule 403 determinations, we do not believe that the record in this case demonstrates a risk that the probative

value of the evidence of the internet searches pertaining to demons was substantially outweighed by the danger of unfair prejudice. Accordingly, we cannot conclude that the district court abused its discretion by overruling Chandler's objection asserting that the evidence should not have been admitted because it was too prejudicial.

Having determined that the district court did not abuse its discretion by overruling either objection, we overrule Chandler's second issue on appeal.

**Effectiveness of Counsel**

In his third issue on appeal, Chandler contends that his trial attorney provided ineffective assistance of counsel. In particular, Chandler argues that his attorney was ineffective because he failed to object to the portion of Detective Morgan's testimony in which he related that one of the search terms found on the computer concerned demons "having sex with women today." Although Chandler acknowledges that his attorney generally objected to the admission of the exhibit containing the list of all of the internet searches recovered from the computer, Chandler insists that his attorney should have specifically objected to testimony concerning this particular search and should have argued that the testimony was not relevant and was more prejudicial than probative.

To succeed on an ineffectiveness claim, the defendant must overcome the strong presumption that his trial "counsel's conduct falls within the wide range of reasonable professional assistance" and must show that the attorney's "representation fell below an objective standard of reasonableness . . . under prevailing professional norms" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 689, 694 (1984). Evaluations of effectiveness are based

10

on the totality of the representation. *Frangias v. State*, 392 S.W.3d 642, 653 (Tex. Crim. App. 2013); *see also Davis v. State*, 413 S.W.3d 816, 837 (Tex. App.—Austin 2013, pet. ref'd) (providing that assessment should consider cumulative effect of counsel's deficiencies). Furthermore, even though a defendant is not entitled to representation that is error free, a single error can render the representation ineffective if it "was egregious and had a seriously deleterious impact on the balance of the representation." *Frangias*, 392 S.W.3d at 653.

In general, direct appeals do not provide a useful vehicle for presenting ineffectiveness claims because the record for that type of claim is usually undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). "This is true with regard to the question of deficient performance . . . where counsel's reasons for failing to do something do not appear in the record." *Id.* (stating that "counsel's conduct is reviewed with great deference, without the distorting effects of hindsight"). In addition, before their representation is deemed ineffective, trial attorneys should be afforded the opportunity to explain their actions. *Id.* If that opportunity has not been provided, as in this case, an appellate court should not determine that an attorney's performance was ineffective unless the conduct at issue was "so outrageous that no competent attorney would have engaged in it." *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

As set out above, Chandler's ineffectiveness claim is based on his trial attorney's failure to act, and the record before this Court is not sufficiently developed to evaluate the alleged failure to act because "[n]either [his] counsel nor the State have been given an opportunity to respond to" the claim. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). Moreover, in the prior issue, Chandler contended that the district court erred by overruling his objections to the

11

admission of the list of search terms obtained from the computer in his home. When challenging the district court's ruling, Chandler contended that those search terms, including the search that is in dispute in this final issue, were not relevant and were more prejudicial than probative. Ultimately, we decided that the district court did not abuse its discretion by admitting the evidence. The reasoning behind our resolution of the prior issue would seem to foreclose Chandler's contention that his trial counsel was ineffective for failing to specifically raise those same objections to the portion of Detective Morgan's testimony in which he read the particular search term in dispute here.

Moreover, even though it is not necessary to further address the issue, we do note that effectiveness challenges must be considered in light of "the totality of the representation" provided by the attorney. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). During voir dire, Chandler's trial attorney discussed the presumption of innocence, the State's burden of proof, and the reasons why a defendant might choose not to testify. In addition, his attorney extensively questioned the panelists about their ability to serve on the case and actively participated in the selection process. During the trial, his attorney successfully moved to have portions of the video of Chandler's interview with the police edited out before the video was played for the jury, emphasized the State's burden during his opening statement, cross-examined the State's witnesses, objected to portions of the testimony offered by the State's witnesses, questioned Chandler's father outside the presence of the jury to ascertain whether his testimony would be beneficial to Chandler, and emphasized the elements of the jury charge and the State's burden during his closing argument. In the punishment phase, Chandler's attorney objected to the admission of evidence regarding logs of Chandler's misdeeds during his prior incarceration, cross-examined the State's witnesses, argued

12

that Chandler's sexual-impulse-control problem resulted from his prior incarceration, and undermined the testimony of the State's witnesses during his closing argument. Finally, his attorney asked the district court to order that any punishments imposed for the two counts run concurrently.

In light of the preceding, we overrule Chandler's final issue on appeal.

## CONCLUSION

Having overruled Chandler's issues on appeal, we affirm the district court's judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   October 1, 2014

Do Not Publish

13