

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-15-00412-CR
07-16-00124-CR

PAUL RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2014-402,151, Honorable John J. "Trey" McClendon III, Presiding

December 21, 2016

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Paul Rodriguez, appeals his convictions for two counts of aggravated robbery[1] and sentences of fifty years' incarceration in the Texas Department of Criminal Justice—Institutional Division. We will affirm the trial court's judgments.

---

[1] *See* TEX. PENAL CODE ANN. § 29.03 (West 2011).

Factual and Procedural Background

Shortly after midnight on February 1, 2014, a single individual robbed a Lubbock Dairy Queen. The suspect entered the Dairy Queen from the rear of the building, where he encountered an employee throwing trash in the dumpster. The suspect hit the employee in the head with an aluminum baseball bat. The suspect then entered the store, found the manager, hit her in the arm with the bat, and ordered her to give him all of the money from the store's safe. After the manager complied, the suspect ran out the rear door. The manager contacted the police. No suspect was identified at the time of the robbery.

Based on several leads, detectives began investigating appellant as a suspect in the robbery, and appellant agreed to a recorded interview with police. At the beginning of the interview, appellant was read his *Miranda* warnings. Appellant repeatedly denied having any involvement with the robbery through most of the interview. On several occasions, when police refused to accept his claims of innocence, appellant would ask to be taken back to his jail cell. However, soon after asserting his right to remain silent, appellant would reinitiate the interview. After officers informed appellant that his pregnant girlfriend was a suspected accomplice, appellant confessed to the Dairy Queen robbery.

During appellant's trial, a redacted version of appellant's confession was admitted into evidence. Defense counsel was able to elicit testimony that the confession was only a "partial confession" because appellant did not tell the truth throughout the interview and his confession was only given after officers inferred that

appellant's pregnant girlfriend might be jailed. The State also admitted two recordings of incriminating jail calls made by appellant to his mother over appellant's *Crawford*[2] objection. At the close of evidence, the jury returned verdicts convicting appellant of both counts of aggravated robbery. The trial court sentenced appellant to fifty years' incarceration. Appellant timely appealed.

By his appeal, appellant presents two issues. By his first issue, appellant contends that his trial counsel provided him ineffective assistance by not challenging appellant's confession on the grounds that the officers failed to terminate the interview when appellant asserted his right to remain silent. By his second issue, appellant contends that the trial court abused its discretion in admitting recordings of jail calls into evidence in violation of appellant's right to confront witnesses against him.

## Ineffective Assistance of Counsel

By his first issue, appellant contends that trial counsel failed to provide effective assistance by failing to challenge the admission of appellant's custodial confession on the basis that he asserted his right to remain silent before the confession was obtained. To prevail on this issue, appellant must show that his confession was illegally obtained and that trial counsel was ineffective for not challenging the confession.

### Standard of Review

Both the United States and Texas Constitutions guarantee an accused the right to the effective assistance of counsel. *See* U.S. CONST. amend. VI; TEX. CONST. art. I,

---

[2] *See Crawford v. Washington*, 541 U.S. 36, 59, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

§ 10; *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Claims of ineffective assistance of counsel are reviewed under the two-pronged analysis articulated in *Strickland*. *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). To show ineffective assistance, a defendant must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 687-88, 694; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). There is a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Failure to prove both prongs is fatal to an ineffectiveness claim. *See Lopez*, 343 S.W.3d at 142.

The "right to effective assistance of counsel merely ensures the right to reasonably effective [not perfect] assistance." *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006) (quoting, with alteration, *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) (en banc)). "Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination." *Id.* (quoting *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992) (en banc)). Counsel's performance is judged by "the totality of the representation," and "judicial scrutiny of counsel's performance must be highly deferential" with every effort made to eliminate the distorting effects of hindsight. *Id.*

4

<u>Law and Analysis</u>

*Miranda v. Arizona*, 384 U.S. 436, 468-73, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), delineates specific procedures deemed necessary to protect suspects against self-incrimination during custodial interrogation. *See Watson v. State*, 762 S.W.2d 591, 596 (Tex. Crim. App. 1988). A suspect has an absolute right to end a custodial interrogation at any time. *Miranda*, 384 U.S. at 473-74 ("Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease."). However, the suspect must invoke this right clearly and unambiguously such that a reasonable officer under the circumstances would understand that the suspect desired to terminate the interview. *See Dowthitt v. State*, 931 S.W.2d 244, 257 (Tex. Crim. App. 1996); *Kupferer v. State*, 408 S.W.3d 485, 489 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd). A reviewing court must consider the totality of the circumstances in determining whether a suspect's right to remain silent was unambiguously invoked. *Kupferer*, 408 S.W.3d at 489.

In the present case, the interviewing officers read appellant his *Miranda* warnings after which appellant indicated that he wished to knowingly, intelligently, and voluntarily waive those rights and speak to the officers. Appellant maintained his innocence of the Dairy Queen robbery for forty-two minutes. During this period of professed innocence, there were four instances when appellant makes some indication that he might wish to terminate the interrogation. We note that three of these instances were equivocal. As to the unequivocal one, the officers scrupulously honored the request and stated that

5

they were terminating the interview. Appellant then said, "Hold up, hold up, time out. Nah, f*ck that. I didn't do this, guys." Thus, appellant reinitiated the interrogation to profess his innocence.[3] *See Johnson v. Stephens*, No. H-11-2466, 2014 U.S. Dist. LEXIS 86589, at *16-17 n.5 (S.D. Tex. 2014) (federal courts have determined no unequivocal invocation of rights when a suspect continues to talk to officers after mentioning constitutional rights). Considering the totality of the circumstances, appellant voluntarily spoke with the officers after having been given *Miranda* warnings and did not unequivocally assert his right to remain silent. *See Beham v. State*, 476 S.W.3d 724, 732 (Tex. App.—Texarkana 2015, no pet.); *Kupferer*, 408 S.W.3d at 489; *see also Johnson*, 2014 U.S. Dist. LEXIS 86589, at *16-17 n.5. Consequently, we conclude that the admission of appellant's custodial confession would not have been erroneous even if trial counsel had timely objected to its admission. Clearly then, we cannot conclude that appellant's trial counsel's failure to object to admission of appellant's confession constituted ineffective assistance of counsel. We overrule appellant's first issue.

## Admission of Jail Calls

By his second issue, appellant contends that the trial court's decision to admit State's Exhibit 171, an audio recording of phone conversations between appellant and his mother, Erma, violated his confrontation rights. The State responds that the content of the recorded conversations are not testimonial and, therefore, are not subject to Confrontation Clause analysis.

---

[3] In fact, appellant immediately reinitiated the interrogation to profess his innocence after each of the instances where he made any assertion of his right to remain silent.

Standard of Review

Appellant's second issue challenges the trial court's decision to admit evidence in the form of recorded telephone calls made from the jail. We review a trial court's evidentiary rulings for an abuse of discretion. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006); *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005) (en banc). A trial court does not abuse its discretion if the decision to admit evidence is within the zone of reasonable disagreement. *See Oprean*, 201 S.W.3d at 726. If the trial court's evidentiary decision is supported by the record and there is any theory of law that would support the ruling, it is not an abuse of discretion. *See Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002).

Law and Analysis

The Confrontation Clause of the Sixth Amendment provides that an accused in a criminal proceeding has the right to confront witnesses against him.[4] U.S. CONST. amend. VI; *Crawford*, 541 U.S. at 42. This right to confrontation bars testimonial hearsay statements of a witness who does not appear during trial.[5] *Crawford*, 541 U.S. at 59; *De La Paz*, 273 S.W.3d at 680. Whether a statement is testimonial and, therefore, subject to an accused's right to confrontation is a question of law that we review de novo. *See Langham v. State*, 305 S.W.3d 568, 576 (Tex. Crim. App. 2010); *De La Paz*, 273 S.W.3d at 680. In making the determination whether a particular

---

[4] The Texas Constitution provides that, in all criminal prosecutions, the accused "shall be confronted by the witnesses against him . . . ." TEX. CONST. art. I, § 10.

[5] It is an exception to this rule when the witness is unavailable to testify at trial and the defendant had a prior opportunity to cross-examine the witness. *De La Paz v. State*, 273 S.W.3d 671, 680 (Tex. Crim. App. 2008) (citing *Crawford*, 541 U.S. at 59).

statement is testimonial, we consider whether the statement was (1) ex parte in-court testimony or its functional equivalent, (2) extrajudicial statements contained in formalized testimonial materials, or (3) statements that were made under circumstances which would lead an objective witness to reasonably believe that the statement would be available for use at a later criminal prosecution. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 309-10, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009) (citing *Crawford*, 541 U.S. at 51-52); *Langham*, 305 S.W.3d at 576. However, a statement is not testimonial if it is made or elicited with a primary purpose other than to create "an out-of-court substitute for trial testimony." *See Michigan v. Bryant*, 562 U.S. 344, 358, 131 S. Ct. 1143, 179 L. Ed. 2d 93 (2011); *De La Paz*, 273 S.W.3d at 680.

The recordings of phone calls that were admitted into evidence against appellant were not testimonial and, therefore, the trial court did not abuse its discretion in overruling appellant's objection. Appellant focuses his argument on the fact that police had contacted Erma before the phone calls and Erma's apparent understanding that phone calls from the jail are recorded. However, nothing in the recordings indicates that Erma or appellant made any statement with a primary purpose of creating an out-of-court substitute for trial testimony. *See Bryant*, 562 U.S. at 358; *De La Paz*, 273 S.W.3d at 680. The Fourth Circuit has considered and rejected appellant's contention that, because the calls were recorded and might be used in a later criminal prosecution, the statements made in the calls were testimonial. *See United States v. Jones*, 716 F.3d 851, 856 (4th Cir. 2013) (citing *Davis v. Washington*, 547 U.S. 813, 822, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006), *United States v. Shavers*, 693 F.3d 363, 390, 395-96 (3rd Cir. 2012), and *United States v. Ellis*, 460 F.3d 920, 926 (7th Cir. 2006), for

8

proposition that a declarant's knowledge that a recorded phone conversation may be used in a subsequent criminal proceeding does not make the statements contained therein testimonial). We agree with the reasoning in *Jones* and conclude that the recordings of the calls in this case are not testimonial. As such, the trial court did not abuse its discretion in overruling appellant's objection. We overrule appellant's second issue.

## Conclusion

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.