In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00343-CR
_____

JOHNNY LEE GREEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 9th District Court
Montgomery County, Texas
Trial Cause No. 16-08-09354-CR

## MEMORANDUM OPINION

Johnny Lee Green appeals his conviction for using a vehicle to evade arrest. Tex. Penal Code Ann. § 38.04 (b)(2) (West 2011). In the guilt-innocence phase of Green's trial, the jury found Green guilty, and found that he used the car involved in a high-speed chase as a deadly weapon. In two issues, Green argues the trial court erred by admitting inadmissible hearsay in his trial, and he contends the State's use

1

of hearsay evidence denied him his right under the Constitution to confront the evidence the State used to gain his conviction. We affirm.

Background

In December 2015, Green was charged with intentionally evading his arrest or detention by refusing Deputy Ryan McClintock's efforts to stop his car when he knew that Deputy McClintock was a police officer. The testimony in Green's trial established that Deputy McClintock, an employee of the Montgomery County Sheriff's Office, was involved in a high-speed chase of a suspect's car that began in Montgomery County and ended when the suspect abandoned his car in the parking lot of an apartment complex in Houston. Deputy McClintock testified in the course of Green's trial. His testimony reflects that he joined in a chase of a suspect's car in Montgomery County, chased the car into Harris County, and shortly after the chase ended, located the abandoned car in the parking lot of an apartment complex in Houston. The evidence from Green's trial reflects that Green was arrested by Officer Dalton Webb, a City of Houston police officer, shortly after the car chase ended in a residential area several blocks from the apartment complex. According to Officer Webb, who also testified in Green's trial, he saw a suspect matching Green's description in the area he was assigned to patrol near the apartment complex where police located the car they chased the night of Green's arrest.

Hearsay

In issue one, Green argues that the trial court erred by allowing Officer Webb to testify about the information he received from the police dispatcher describing Green, and by allowing Deputy McClintock to state during the trial that he found an insurance card with Green's name on it in the car that police found abandoned in the apartment complex's parking lot. Green contends that this testimony by these officers was inadmissible because it was hearsay.[1] We will first address Green's complaints about Officer Webb's testimony.

When Officer Webb was asked by the prosecutor during the trial if he "eventually [saw] the suspect[,]" Officer Webb answered: "Yes. We were told that --[.]" At that point, Green's attorney interrupted, stating: "Again,[2] Judge, I'm going to have to respectfully object to the 'we were told,' that kind of thing." The reference "again" refers to several earlier objections that Green's attorney lodged to Officer Webb's testimony concerning information that he learned by listening to his police

---

[1] "Hearsay" is a statement, other than one made by the declarant while testifying at the trial, offered "in evidence to prove the truth of the matter asserted in the statement." Tex. R. Evid. 801(d)(2).

[2] Shortly before the court made the ruling that is in dispute in this appeal, Green's attorney asserted objections to other questions that were posed to Officer Webb regarding what he had been told on the basis that the testimony would be hearsay. These three prior objections were sustained.

radio about the investigation that led to Green's arrest. While the trial court sustained Green's earlier objections to questions the prosecutor asked Officer Webb about his understanding or knowledge of the investigation, the trial court allowed Officer Webb to answer the question that Green complains about in his appeal. The Court explained: "I think it goes to his state of mind at this point. It's overruled. You can answer." At that point, Officer Webb testified:

> An officer got on the air stating that someone matched the suspect's description was running across the street. Me and my partner realize that is one street to the east of where we were at. We drive over there to see a person matching the suspect's description dive into a front yard. I get out of my patrol vehicle and run over there. As that officer is giving the suspect verbal commands to show him his hands, I stated that I'm going hands on which [meant that] I'm placing the suspect into custody. I handcuff the suspect and complete a full systematic search on the suspect.

We note that Green did not object to the response on the basis that the response Officer Webb provided was not responsive to the question that the prosecutor had posed.

Shortly thereafter, the prosecutor asked Officer Webb: "And at this point, do you have a name of the suspect you were looking for?" Officer Webb answered: "Yes. We were told the paperwork in the vehicle --[.]" Once again, Green's counsel interrupted the answer, objecting that the officer's response included hearsay. The

4

trial court overruled the objection, and Officer Webb completed his response, stating: "We were looking for a Johnny Green."

In his brief, Green also complains that the trial court erred by overruling his objection to "the description of the suspect leading to the finding of the insurance information from the documents found in [Green's] vehicle." Although Green failed to include any record references to this testimony in his brief, it appears that Green's complaint concerns testimony the prosecutor elicited in the trial from Deputy McClintock. When he testified, Deputy McClintock explained that he was one of the officers involved in chasing Green's car into Houston. Deputy McClintock stated that when the chase ended, he found a car like the one he chased abandoned in the parking lot of an apartment complex in Houston. Deputy McClintock eventually searched the car and found an insurance card in the car's glove box. When the prosecutor asked Deputy McClintock whose name was on the card, Green's attorney objected, arguing that the question called for hearsay. The trial court overruled the objection, and Deputy McClintock answered: "Johnny Green." Deputy McClintock explained that after finding the card in the car, he provided the information on the card to the police dispatcher.

We review a ruling admitting evidence in a trial under an abuse-of-discretion standard. *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005). If the

5

trial court's decision to admit evidence is correct on any theory of law that applies to the case, its ruling will not be overturned on appeal. *See Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). To demonstrate that an error admitting evidence occurred, a party complaining of the trial court's ruling must establish that the ruling "was so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

Relying on *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995), the State responds to Green's argument by noting that trial courts may admit testimony of officers that describes "statements made by others for the limited purpose of showing why the defendant became a suspect and to explain the events and circumstances leading to the defendant's arrest." In *Dinkins*, the Court of Criminal Appeals explained that "[a]n extrajudicial statement or writing which is offered for the purpose of showing *what* was said rather than for the *truth* of the matter stated therein does not constitute hearsay." *Id*.

In the context of all of the testimony before the jury in Green's trial, the testimony that is the subject of Green's complaints appears to at least arguably fall within the holding of *Dinkins*. It arguably explains why Officer Webb was looking for a man that fit Green's description on the night of December 14, 2015. *Id*. (holding

that extra-judicial statements were not inadmissible hearsay because they were admitted "to explain how the defendant came to be a suspect"). It also explains why Officer Webb arrested Green. *Id.* According to the State, the testimony was admissible for the limited purpose of showing why Officer Webb's investigation focused on Green. Because the trial court could have allowed the testimony into evidence for this limited purpose, Green could have (but did not) ask the trial court for a limiting instruction. *See* Tex. R. Evid. 105(a) (requiring courts, on request, to give juries limiting instructions when the proponent has offered evidence for a restricted purpose).

In this case, the State relied on other evidence in the trial to prove that Green was the driver of the car chased by police into Houston. During the trial, Deputy James Solomon, an officer with the Montgomery County Sheriff's Office, explained that he was in the parking lot when the chase began. He explained that, in response to a report of a burglary in progress, he was in the hotel parking lot where the chase began. While there, he crossed paths with a car being driven by a person later identified as Green. Deputy Solomon followed the car when it left the parking lot, and gave a description of both the car and the driver to the police dispatcher. Deputy Solomon explained that when the car left the parking lot, he unsuccessfully attempted to stop the car by activating his emergency lights and siren. When the

7

driver of the car refused to stop, Deputy Solomon gave chase, but was unable to catch up with the car. During the trial, Deputy Solomon identified Green as the person he saw leaving the hotel parking lot. Deputy Solomon also testified that on the night Green was arrested, he identified Green as the person that was driving the car that he chased after leaving the hotel parking lot.

The jury also heard other circumstantial evidence that was highly probative of Green's guilt. During the trial, Deputy McClintock testified that the car keys found in Green's pocket on the night he was arrested were used that night to start the car that he chased into Houston.

In closing argument, the prosecutor used Deputy Solomon's identification of Green in the hotel parking lot to argue that no reasonable doubt existed that Green was the driver of the car that the police chased into Houston. Additionally, the prosecutor relied on the testimony admitted in the trial showing that police found the car keys in Green's pocket that started the car that police chased into Houston to argue that no reasonable doubt existed regarding Green's guilt. In Green's appeal, Green has raised no complaints about the admissibility of Deputy Solomon's identification of him on the night of his arrest or about the testimony showing that the car keys in his pocket were used to start the car that Deputy McClintock located in Houston.

8

We conclude that the rulings Green challenges in his appeal fall within the zone of reasonable disagreement regarding whether the testimony was admissible for the purpose of explaining why Officer Webb thought Green was the driver of the car involved in the chase and why Officer Webb arrested Green. *See Poindexter v. State*, 153 S.W.3d 402, 408 n.21, 413 (Tex. Crim. App. 2005) ("[T]estimony by an officer that he went to a certain place or performed a certain act in response to generalized 'information received' is normally not considered hearsay because the witness should be allowed to give some explanation of his behavior."). We overrule issue one.

Nonetheless, even assuming the complained of testimony was inadmissible as hearsay, any error in admitting the testimony was harmless under the circumstances in Green's trial. In Green's case, evidence other than the evidence that Green has challenged established that Green drove the car that Deputy McClintock chased. Deputy Solomon identified Green as the person he saw driving the car he chased based on seeing Green in the parking lot where the chase began. The evidence showing that Green, when he was arrested, had the keys to the car that the police chased is also substantial circumstantial evidence proving that Green drove the car chased by the police. Even if the trial court erred by admitting the testimony that Green claims was inadmissible as hearsay, the erroneous admission of evidence in a

9

trial is non-constitutional error that is subject to a harm analysis. Tex. R. App. P. 44.2(b); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *Chapman v. State*, 150 S.W.3d 809, 814 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd).

A non-constitutional error that does not affect substantial rights must be disregarded. *Taylor*, 268 S.W.3d at 592. We may disregard errors in admitting hearsay if, after examining the entire record, we have fair assurance that the error did not influence the jury, or had but a slight effect. *Id*. Even when we disregard the testimony that Green complains about in issue one, the evidence supporting Green's conviction is substantial. It includes an eyewitness identification by Deputy Solomon, and evidence that Green had the car keys to the car that police chased in his pocket shortly after the chase ended. Additionally, no evidence was admitted during the trial to explain why Green had the car keys unless he was the person who Deputy Solomon saw driving the car in Montgomery County. Considering the record as a whole, we conclude that the testimony Green challenges in his appeal either did not influence the jury, or that it had but slight effect in contributing to Green's conviction for evading arrest. *See id*. Assuming without deciding that the trial court erred by admitting the testimony over Green's hearsay objections, we hold that even if the trial court erred by admitting the testimony, Green is not entitled to a new trial. Tex. R. App. P. 44.2(b).

Right to Confront Witnesses

In issue two, Green complains that the alleged errors in admitting the hearsay testimony that is the subject of his issue one complaints violated his right to confront the witnesses whose testimony was used against him during his trial. *See* U.S. CONST. amend. VI. In response, the State notes that Green failed to object during his trial that his rights under the Confrontation Clause were being violated.

To preserve a complaint for appellate review, the record must show that the party who is complaining of the trial court's error made the trial court aware of the party's complaint by making a timely request, objection, or motion that stated the grounds for the ruling that was sought unless the specific grounds for the ruling are apparent from the context. *See* Tex. R. App. P. 33.1(a); *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009). "A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial." *Lovill*, 319 S.W.3d at 692-93. A party may also waive a constitutional error that occurs in the course of a trial by failing to properly preserve the error so the complaint can be reviewed on appeal. *See Holland v. State*, 802 S.W.2d 696, 700 (Tex. Crim. App. 1991) (en banc); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). Objections under the Confrontation Clause are required to be raised at trial or they are waived. *Briggs*, 789 S.W.2d at 924 ("We hold that in failing to object

11

at trial, appellant waived any claim that admission of the videotape violated his rights to confrontation and due process/due course of law.")

Green never notified the trial court by request, objection, or motion that admitting the testimony of any of the witnesses who testified in the guilt-innocence phase of his trial deprived him of any of his rights under the Sixth Amendment. *See* U.S. CONST. amend. VI. Because Green failed to preserve the complaints he raises in issue two for appellate review, we overrule Green's arguments in issue two. Because we have overruled Green's issues, the trial court's final judgment is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 15, 2017
Opinion Delivered February 28, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

12