

# NUMBER 13-25-00211-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TRAVARIUS LEON DENT,                                      **Appellant,**

**v.**

THE STATE OF TEXAS,                                          **Appellee.**

## ON APPEAL FROM THE 478TH DISTRICT COURT
## OF BELL COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Chief Justice Tijerina**

A jury convicted appellant Travarius Leon Dent of aggravated sexual assault of a young child, a first-degree felony, and the trial court sentenced him to twenty-five years' imprisonment. *See* TEX. PENAL CODE § 22.021(a)(2)(B), (e). By two issues, appellant argues: (1) the trial court abused its discretion by admitting extraneous offense evidence in contravention of Texas Rules of Evidence 401–403; and (2) the trial court's written

charge constituted an improper comment on the evidence in violation of Article 36.14 of the Texas Code of Criminal Procedure. We affirm.[1]

## I. BACKGROUND

At trial, Jane testified that appellant is her father, and they lived in a four-plex apartment studio. When she was eight years old, she came home from school and asked appellant for some cookies to eat. Appellant responded that she could have some after she did something for him. They went into the living room, he pulled down her pants and her panties, and he instructed her to get on the couch. Jane stated that appellant "tried to penetrate" her vagina with his penis while she had her head in between pillows. She explained that while appellant did not "fully" penetrate her, his "penis came between [her] outer lips." Jane testified that during another incident, she was in her room watching TV when appellant walked into her room. He pulled his pants down to his knees, "and he had an erection, and he told [Jane] to pull it." When Jane refused, appellant pulled his pants up and walked out of the room.

After the family moved to a house in Bell County, so many more instances of sexual abuse occurred such that Jane had trouble articulating all the occurrences. For example, she was washing dishes one day when appellant held her from behind and grabbed her breasts while he had an erection. At night, he would come into her bedroom with his phone's flashlight and touch her vagina. Jane stated this occurred almost daily. When she took a shower, appellant would try to make his way into the bathroom.

---

[1] This appeal was transferred from the Third Court of Appeals in Austin pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE § 73.001. We are required to follow the precedent of the transferor court to the extent it differs from our own. TEX. R. APP. P. 41.3.

Jane testified that one time appellant caught her kissing a boy in her room. Appellant grabbed his shotgun and held it at them. Once the boy left, appellant inserted his fingers into Jane's vagina and asked her if she was "wet." According to Jane, her brother X.D. witnessed this.

Jane testified that she did not tell her mother about the abuse because she was afraid her mother would not believe her, and she did not want to break up her family. Instead, Jane picked up extracurricular activities so that she would not be home. After track practice, Jane was lying on her bed scrolling through her phone when appellant entered. Appellant got onto Jane's bed and started masturbating. When Jane told him that was nasty, appellant told her it was normal, and he gave Jane a vibrator.

Jane started seeing a therapist regarding bullying she was experiencing at school. The therapist diagnosed her with severe depression and prescribed her an anti-depressant, but appellant did not allow Jane to fill the prescription and prohibited future therapy sessions. Thereafter, Jane tried to take her own life at least twice and was admitted into a mental hospital.

Appellant testified that although he was a strict disciplinarian and "a bit verbally abusive," he was "not so much physically abusive." Appellant stated, "See, once I disciplined my son. And I was—" before defense counsel interrupted and asked to approach the bench. Outside the presence of the jury, appellant stated that he was charged with injury to a child, X.D., he pleaded guilty to that offense, and he was placed on deferred adjudication. The trial court found the evidence probative, and it was admitted. Appellant admitted the same to the jury and added that X.D. was eight or nine years old at the time of this offense. The trial court gave the jury the following limiting

3

written instruction:

> During the trial, you heard evidence that the defendant may have committed an offense or offenses against [X.D.]. The state offered the evidence to rebut defensive theories in the case and challenge credibility. You are not to consider that evidence at all unless you find, beyond a reasonable doubt, that the defendant did, in fact, commit the offense or offenses against [X.D.].

The jury convicted appellant of the offense and sentenced him as stated above. This appeal followed.

## II. STANDARD OF REVIEW & APPLICABLE LAW

We review a trial court's decision to admit or exclude extraneous offense evidence for abuse of discretion. *Perkins v. State*, 664 S.W.3d 209, 217 (Tex. Crim. App. 2022). A trial court abuses its discretion if its ruling is so clearly wrong as to lie outside the zone of reasonable disagreement. *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). We will uphold a trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005); *see also Perkins*, 664 S.W.3d at 217 (cautioning that when reviewing trial court's Rule 403 balancing-test determination, an appellate court reverses a trial court's judgment "rarely and only after a clear abuse of discretion").

## III. EXTRANEOUS OFFENSE EVIDENCE

Appellant argues that the trial court erred in admitting evidence that he previously pleaded guilty to injury to a child and was placed on deferred adjudication. The State argues that the evidence was permissible to rebut appellant's false statements.

### A. Rule 404

"In a criminal case, a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." TEX.

4

R. Evid. 404(2)(A).

> By placing his character in issue . . . the accused "opens the door" for the State to rebut evidence of his good character with its own evidence of the accused's bad character. On cross-examination, the State may test the character witness' familiarity with the defendant's character or demonstrate that the witness has a low standard for what he considers good character by inquiring into prior specific instances of conduct that are inconsistent with the particular character trait . . . .

*Wheeler v. State*, 67 S.W.3d 879, 886 n.16 (Tex. Crim. App. 2002). Thus, "if a defendant testifies to a blanket statement of good conduct or character, he may 'open the door' by leaving a false impression with the jury about a relevant act or character trait." *Sandoval v. State*, 409 S.W.3d 259, 302 n.31 (Tex. App.—Austin 2013, no pet.) (citing *Daggett v. State*, 187 S.W.3d 444, 452 (Tex. Crim. App. 2005)). "Rebuttal of a defensive theory is also one of the permissible purposes for which relevant evidence may be admitted under Rule 404(b)." *Isenhower v. State*, 261 S.W.3d 168, 180 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Here, appellant consistently maintained that he was never physically abusive with the children, and he repeatedly stated that Jane fabricated the allegations in retaliation of his strict discipline. *See id.* ("In sexual assault cases, extraneous offense evidence may be admitted under Rule 404(b) to rebut defensive theories of retaliation . . . ."); *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) (providing that extraneous-offense evidence is also admissible to rebut a defensive theory). During voir dire, in his opening statement, and throughout trial, appellant repeatedly presented himself as being a devoted, strict, and good father. *Sandoval*, 409 S.W.3d at 303 ("[W]hen a defense witness presents a picture that the defendant is not the type of person to commit the charged offense, the prosecution may impeach that witness's testimony by introduction of similar

5

extraneous offenses."); *Isenhower*, 261 S.W.3d at 181 ("The admission of this evidence makes it much less likely that A.B.'s allegations concerning the charged offense were the result of a retaliatory motive."). Because appellant placed his character for nonviolence towards his children at issue, he opened the door under Rule 404 for the State to introduce rebuttal evidence showing a pattern of physical abuse. *See Harrison v. State*, 241 S.W.3d 23, 27 (Tex. Crim. App. 2007); *see also Garza v. State*, No. 03-22-00073-CR, 2023 WL 4277362, at *7 (Tex. App.—Austin June 30, 2023, pet. ref'd) (mem. op., not designated for publication) ("Rebuttal of a theory that the complainant fabricated the allegations against the defendant is one of the 'other purposes' for which extraneous-offense evidence may be admitted under Rule 404(b).").

## B.    Rule 403

Rule 403 provides that relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. R. 403. "Under Rule 403, it is presumed that the probative value of relevant evidence exceeds any danger of unfair prejudice. The rule envisions exclusion of evidence only when there is a clear disparity between the degree of prejudice of the offered evidence and its probative value." *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009) (footnote omitted). "[R]eviewing courts should afford trial courts a high level of deference regarding admissibility determinations under Rule 403." *Brickley v. State*, 623 S.W.3d 68, 80 (Tex. App.—Austin 2021, pet. ref'd).

> When conducting a Rule 403 balancing test, courts should consider: (1) the evidence's probative force; (2) the proponent's need for the evidence; (3) the evidence's potential to suggest a decision on an improper basis; (4) the evidence's tendency to distract the jury from the main issues; (5) any

6

tendency for the jury to give the evidence undue weight because it has not been fully equipped to evaluate the evidence's probative force; and (6) the likelihood that presenting the evidence will consume an inordinate amount of time.

*Guedea v. State* 683 S.W.3d 549, 553 (Tex. App.—Waco 2023, no pet.) (citing *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006)).

Appellant argues that the "bare-bones admission of a prior offense without more" did not provide any probative evidence regarding his intent. Appellant further argues that the State did not need the extraneous offense evidence because the State had sufficient evidence to challenge his defense, including Jane's testimony, recorded phone calls revealing appellant's admission to sexually assaulting Jane, observations from X.D. witnessing the assault, and testimony from medical professionals implicating appellant. However, appellant's renunciation of intent to molest his daughter was prevalent throughout trial. Thus, the extraneous offense evidence that appellant had previously physically assaulted another child made it more probable that he also assaulted Jane and that he had the intent to do so. While the State called many witnesses, none could provide evidence to rebut the defensive theory put forward by appellant. *See Brickley*, 623 S.W.3d at 82 ("[A]lthough several witnesses testified before the evidence at issue was admitted, those witnesses did not describe incidents of prior abuse."); *see also Dials v. State*, 717 S.W.3d 674, 680 (Tex. App.—Waco 2025, pet. ref'd). Therefore, the trial court could have reasonably concluded that the State's need for the evidence still demonstrated probative value.

Here, the trial court gave the jury a limiting instruction that it could consider appellant's offense against X.D. for the limited purposes of challenging his defensive theory and challenging his creditability. Thus, the jury was provided with the purpose and

7

scope for which it could consider the evidence, and we presume the jury followed the trial court's instructions. *See Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). Furthermore, the extraneous evidence was introduced entirely through appellant, and appellant's testimony was neither confusing nor highly technical such that the jury was ill-equipped to evaluate the probative force of the evidence. *See Brickley*, 623 S.W.3d at 82 ("[T]he testimony did not address a complex subject matter and addressed a self-contained act."); *Gaytan v. State*, 331 S.W.3d 218, 228 (Tex. App.—Austin 2011, pet. ref'd) (noting that matters easily comprehensible to laypeople, like evidence of extraneous sexual conduct, are not prone to the tendency to mislead). These factors favor admission.

Lastly, the extraneous evidence was not inherently inflammatory or prejudicial as it was not more serious than the allegations in the indicted offense. The entire testimony involved only four questions, and appellant concedes that factor weighs in favor of admission as it did not take an inordinate amount of time nor was the testimony repetitious. *See Gigliobianco*, 210 S.W.3d at 641–42; *Brickley*, 623 S.W.3d at 82.

We cannot say that there is a "clear disparity" between the danger of unfair prejudice posed by the extraneous-offense evidence and its probative value. *See Hammer*, 296 S.W.3d at 568. Therefore, we cannot say the court abused its discretion by overruling appellant's Rule 403 objection. We overrule appellant's first issue.

## IV. CHARGE OF THE COURT

By his second issue, appellant argues that the trial court's written charge concerning the extraneous offense constituted an improper comment on the evidence in violation of Article 36.14 of the Texas Code of Criminal Procedure and that he suffered

8

egregious harm as a result.

**A.     Applicable Law and Standard of Review**

Under Article 36.14, the trial court must deliver to the jury "a written charge distinctly setting forth the law applicable to the case"—one "not expressing any opinion as to the weight of the evidence." TEX. CODE CRIM. PROC. art. 36.14. "The trial judge has the duty to instruct the jury on the law applicable to the case even if defense counsel fails to object to inclusions or exclusions in the charge." *Vega v. State*, 339 S.W.3d 514, 519 (Tex. Crim. App. 2013). Article 36.14 imposes no duty on a trial judge to instruct the jury sua sponte on unrequested defensive issues because an unrequested defensive issue is not the law "applicable to the case." *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998).

"However, if the trial judge does charge on a defensive issue (regardless of whether he does so *sua sponte* or upon a party's request), but fails to do so correctly, this is charge error subject to review under *Almanza*." *Vega*, 394 S.W.3d at 519. "If no proper objection was made at trial, such as here, a reversal is required only if the error caused 'egregious harm.'" *Id.*

**B.     Discussion**

Here, appellant did not request a limiting instruction, and he did not object to the trial court's charge. *See Delgado v. State*, 235 S.W.3d 244, 254 (Tex. Crim. App. 2007). Nonetheless, the trial court admitted the extraneous evidence for a limited purpose and instructed the jury to consider it for that purpose only. *See Jones v. State*, 119 S.W.3d 412, 421 (Tex. App.—Fort Worth 2003, no pet.) (holding that where extraneous-offense evidence relevant to rebut defensive theory and to show opportunity,

9

motive, and plan, trial court properly included all four purposes in jury instruction). However, in *Barlett*, the Texas Court of Criminal Appeals rejected the argument that a limiting instruction is an impermissible comment on the weight of the evidence. *Bartlett v. State*, 270 S.W.3d 147, 151 (Tex. Crim. App. 2008); *see also Massar v. State*, No. 03-24-00119-CR, 2025 WL 3236284, at *4 (Tex. App.—Austin Nov. 20, 2025, no pet.) (mem. op., not designated for publication) ("The Court of Criminal Appeals has already rejected the argument that a limiting instruction is an impermissible comment on the weight of the evidence."). We presume the jury followed the court's instructions in the jury charge absent evidence to the contrary. *See Gamboa*, 296 S.W.3d at 580; *see also Tolbert v. State*, No. 03-16-00505-CR, 2017 WL 6759145, at *9 (Tex. App.—Austin Dec. 22, 2017, no pet.) (mem. op., not designated for publication). Given the beneficial nature of the limiting instruction, we cannot say that the inclusion of the instruction in the jury charge was an improper comment on the evidence or communicated to the jury the trial court's perspective. *See Yepez v. State*, 696 S.W.3d 1, 11 (Tex. App.—Houston [1st Dist.] 2022, no pet.). We overrule appellant's second issue.

## V. CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
30th day of April, 2026.

10